JOSEPH VIVORI, JUNIOR, *vs.* FOURTH DISTRICT COURT OF BERKSHIRE.

Berkshire. September 21, 1948. — November 2, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Certiorari. Bastardy.*

Certiorari to a District Court was not a proper proceeding to raise the question, whether that court had jurisdiction to revoke, as procured by fraud and misrepresentation, an order entered in that court dismissing, without a hearing on the merits, a complaint under G. L. (Ter. Ed.) c. 273, § 11, upon the filing of an agreement to support.

PETITION, filed in the Superior Court on October 20, 1947, for a writ of certiorari.

Upon an order to show cause, the respondent filed a return and the case was heard by *Brogna*, J., who ordered

action by the respondent upon the petitioner's answer in abatement, so called, quashed.   The respondent appealed.

B. Lenhoff, for the respondent.

E. H. Rosasco, for the petitioner.

RONAN, J.   Vivori pleaded not guilty to a complaint for violation of G. L. (Ter. Ed.) c. 273, § 11, issued in a District Court on April 25, 1946, charging him with getting one O'Brien with child, he not then being married to her, and the case was continued to August 1, 1946, when, it appearing that a child had been born to said O'Brien and that she had entered into a written agreement by which he had agreed to make monthly payments in a certain amount for the support of the child, the judge upon the filing of the agreement with the court, indorsed upon the complaint a statement over his signature that he found "that adequate provision has been made under all the circumstances for the support of the child and therefore orders that said case may be dismissed."   Vivori having failed to make the stipulated payments, O'Brien on September 5, 1947, filed a petition to revoke the finding and order made on August 1, 1946, alleging that the judge was induced by the misrepresentation, fraud and deceit of Vivori to enter the order dismissing the complaint.   Vivori appeared in accordance with an order of notice, and filed an answer in abatement, so called, alleging that the judge was barred by G. L. (Ter. Ed.) c. 273, § 17, from reopening the case, and that he had no jurisdiction to grant the petition.   The District Court ruled that the answer did not constitute a defence to the petition, and Vivori filed this petition for certiorari in the Superior Court.   The respondent appealed from an order quashing the order of notice issued on O'Brien's petition.

Jurisdiction to determine the paternity of illegitimate children and to provide for their maintenance and support has been conferred by G. L. (Ter. Ed.) c. 273, §§ 11–19, inclusive, upon District Courts which are courts of general and superior jurisdiction with reference to all cases and matters which have been entrusted to them.   G. L. (Ter. Ed.) c. 218, § 4.   Said §§ 11–19, inclusive, originated in

St. 1913, c. 563, which was enacted primarily to further the interests of the child by requiring the father to contribute reasonably to its support so that the child would not become a public charge.   Chapter 563 was said in *Commonwealth* v. *Dornes*, 239 Mass. 592, 594, to be "a radical departure from the type of bastardy legislation that had come down from early colonial times.   It makes the begetting of an illegitimate child a misdemeanor, and the non-support of such child a distinct and continuing offence."   See *Commonwealth* v. *Baxter*, 267 Mass. 591, 595; *Commonwealth* v. *Hall*, 322 Mass. 523, 528–529.

The chapter created new offences which were to be prosecuted in District Courts in accordance with the usual proceedings adopted in those courts for the trial of misdemeanors excepting only such procedural changes as are mentioned in this chapter.   The defendant, if adjudged to be the father of the illegitimate child, "may appeal therefrom to the superior court as in other criminal cases," § 12; a father who fails to contribute reasonably to the support of such a child "shall be guilty of a misdemeanor," § 15; and one convicted in a District Court may appeal to the Superior Court.   G. L. (Ter. Ed.) c. 278, § 18. *Mariano* v. *Judge of District Court of Central Berkshire*, 243 Mass. 90.   *Commonwealth* v. *Leach*, 246 Mass. 464. There has been no trial of the merits of the petition for revocation filed by O'Brien, and we do not know whether it will be sustained or dismissed.   Furthermore, we do not know, even if the petition is allowed, that Vivori will be convicted of the offence with which he was charged. He has not been aggrieved by any final action taken by the District Court.   If the proceedings there should ultimately result in his conviction, he may appeal to the Superior Court where the question he now seeks to raise may be presented and determined as may any other misdemeanor. One has no right to resort to certiorari if the law provides adequate remedies by other methods.   *Randall, petitioner*, 11 Allen, 472.   *Lynch* v. *Crosby*, 134 Mass. 313.   *Maher* v. *Commonwealth*, 291 Mass. 343, 345, 346.   *Dube* v. *Mayor of Fall River*, 308 Mass. 12, 14.   *Hurley* v. *Lynn*, 309 Mass.

138, 141. *Clap* v. *Municipal Council of Attleboro,* 310 Mass. 605, 608. *Jordan Marsh Co.* v. *Labor Relations Commission,* 312 Mass. 597, 599. *Flynn* v. *Board of Registration in Optometry,* 320 Mass. 29, 30. Bishop, New Criminal Procedure (2d ed.) § 1378.

*Petition dismissed.*