WANDA KEENE *vs.* GEORGE TOTH.

Norfolk. February 4, 1957. — March 28, 1957.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Parent and Child. Uniform Reciprocal Enforcement of Support Act.*

Under G. L. (Ter. Ed.) c. 273, § 8, as amended by St. 1953, c. 505, the legal duty of a divorced father of minor children to support them continued after the entry of a final decree in the United States District Court for the District of Columbia awarding permanent custody of them to their mother; and, in a proceeding against the father, a resident of Massachusetts, in a District Court in Massachusetts as the responding State under the uniform reciprocal enforcement of support act, c. 273A, as appearing in St. 1954, c. 556, § 1, following a proceeding by the mother in Virginia as the initiating State, where she and the children resided but she and the father had never lived together, the judge of the District Court, upon finding a duty of support, was empowered to order the father to pay a reasonable sum monthly for the children's support.

PROCEEDING in the District Court of Northern Norfolk under the uniform reciprocal enforcement of support act, commenced on September 12, 1955, by receipt of certified copies of a petition for support and a certificate from the

Juvenile and Domestic Relations Court in the County of Arlington and Commonwealth of Virginia.

The case was heard by *Cox*, J.

*Joseph H. Elcock, Jr.*, (*John R. Riordan* with him,) for the respondent.

*John H. Burke, Jr.*, for the petitioner.

WILKINS, C.J.   The petitioner of Arlington, Virginia, is the former wife of the respondent now of Needham in this Commonwealth.   This petition is brought under the uniform reciprocal enforcement of support act for the support of two minor children born in 1939 and 1941.   G. L. (Ter. Ed.) c. 273A, as appearing in St. 1954, c. 556, § 1.   The District Court judge overruled the respondent's demurrer, and after a hearing on the merits found that there was a duty to support and ordered payments for future support. The Appellate Division dismissed a report, and the respondent appealed.   We shall omit separate consideration of the demurrer, as the same questions are raised on the merits.

The evidence, which the District Court judge states was not in dispute, appears in his decision.   The judge of the Juvenile and Domestic Relations Court in the County of Arlington and Commonwealth of Virginia on April 21, 1955, certified that in his opinion the petition set forth facts from which it may be determined that the respondent owes a duty of support, and transmitted to the Probate Court for Norfolk County, whose jurisdiction in these matters has been conferred on the District Court, his certificate and certified copy of the petition duly exemplified.   G. L. (Ter. Ed.) c. 273A, §§ 6–8.   A trial on the merits was held in the District Court on November 9, 1955, at which the respondent, the only witness, denied any duty to support under c. 273A. The parties were married at Reading, Pennsylvania, on February 22, 1936, and were divorced by decree of the Court of Common Pleas of Lycoming County, Pennsylvania, on June 7, 1948.

In 1951 the respondent brought proceedings in the United States District Court for the District of Columbia, seeking custody of the children.   In December of that year a final

decree in that court awarded permanent custody to the mother and ordered the respondent to pay her $60 monthly for their support. The parties have never lived together in the Commonwealth of Virginia.

The order of support by the District Court judge was that the respondent pay $60 monthly until further order. There has been no contention that this amount was not reasonable.

The uniform reciprocal enforcement of support act has been enacted in all forty-eight States, Alaska, Guam, Hawaii, Puerto Rico, and the Virgin Islands, but not in the District of Columbia. Reciprocal State Legislation to Enforce the Support of Dependents (published by The Council of State Governments, 1955–1956 ed.) page iii. Its purpose is to provide an effective procedure to compel performance by a person who is under a duty to support dependents in another State. *Proctor* v. *Sachner,* 143 Conn. 9, 12, 16. *Duncan* v. *Smith,* 262 S. W. (2d) 373, 375 (Ct. App. Ky.). *Freeman* v. *Freeman,* 226 La. 410, 411–412. *Commonwealth* v. *Warren,* 204 Md. 467, 470–471. *Mahan* v. *Read,* 240 N. C. 641, 645–646. See 42 A. L. R. (2d) 768. Its need lies in the fact that the usual migrating and reluctant obligor leaves behind in a jurisdiction whence he has departed no property from which a judgment could be satisfied. In the rare case where he does, the judgment can be enforced only as to amounts due when suit is brought. See *Sistare* v. *Sistare,* 218 U. S. 1, 16–17; *Kephart* v. *Kephart,* 193 Fed. (2d) 677, 683–684 (C.A.D.C.).

The issue before us is not one of constitutionality. Compare *Commonwealth* v. *Acker,* 197 Mass. 91; *Commonwealth* v. *Dornes,* 239 Mass. 592. The question is that of the power of the District Court to make a valid order prospective in operation based upon a duty of support owed by the respondent to his children, who are in Virginia. The uniform reciprocal enforcement of support act "shall be so construed and interpreted as to accomplish its general purpose to make substantially uniform the laws of states enacting like law" (§ 17).

The act provides its own definitions: "'Court,' a district court of this commonwealth and, when the context requires, the court of any other state as defined in a reciprocal law substantially similar to this chapter. 'Duty of support,' any duty of support imposed by law, or by any court order, decree or judgment, whether interlocutory or final, whether incident to a proceeding for divorce, legal separation, separate support, or otherwise. 'Initiating state,' a state in which a proceeding pursuant to the provisions of this chapter or a reciprocal law substantially similar to this chapter is commenced. 'Obligee,' any person to whom a duty of support is owed. 'Obligor,' any person owing a duty of support. 'Responding state,' a state in which a proceeding pursuant to the proceeding in the initiating state is or may be commenced. 'State,' includes any state, territory or possession of the United States and the District of Columbia in which this or a substantially similar reciprocal law has been enacted" (§ 1). "Duties of support . . . are those imposed under the laws of any state in which the . . . obligor was present during the period for which support is sought or in which the obligee was present when the failure to support commenced" (§ 4). The obligor is bound regardless of the presence or residence of the obligee (§ 3). "When this commonwealth is a responding state, and the court finds a duty of support, it may order the respondent to furnish support or reimbursement therefor in a reasonable amount, and subject the property of the respondent to such order" (§ 10).

In the present case Virginia is the initiating State, and this Commonwealth is the responding State. For our purposes we need consider only the law of this Commonwealth. The only significance of the proceedings in the District of Columbia, where the uniform act has not been adopted, is that the award of custody there made to the mother offers the respondent a chance to argue that he has no duty to support his children under our law. It is true that there would have been no such duty at common law. *Miller's Case,* 244 Mass. 281, 283. *Creeley* v. *Creeley,* 258 Mass. 460,

463. *Barry* v. *Sparks,* 306 Mass. 80, 82–83. See *Gediman*
v. *Cameron,* 306 Mass. 138, 140. But the rule is otherwise
under G. L. (Ter. Ed.) c. 273, § 8, as amended by St. 1953,
c. 505, which provides, "The legal duty of the parent or
parents to support a minor child shall continue . . . not-
withstanding any court decree granting custody of such
child to another . . . ." The purpose of this part of § 8
was to close a hole in the uniform reciprocal enforcement of
support act and to this end was recommended by the Judi-
cial Council. See 27th report for 1951, pages 20–21; 28th
report for 1952, page 39.

There is nothing pertinent in the respondent's argument
that the Virginia uniform reciprocal enforcement of support
act (Code of Va. Title 20, c. 5.2, § 20–88.18) defines the
duties of support as those "imposed or imposable," whereas
c. 273A, § 4, refers merely to duties "imposed."

                                *Order dismissing report affirmed.*