COMMONWEALTH *vs.* CHARLES F. STAPPEN.

Suffolk.   May 6, 1957. — June 4, 1957.

Present: WILKINS, C.J., RONAN, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Evidence*, Blood grouping tests, Of illegitimacy, Presumptions and burden of proof. *Parent and Child. Bastardy.*

G. L. (Ter. Ed.) c. 273, § 12A, inserted by St. 1954, c. 232, providing for blood grouping tests in "any proceeding to determine the question of paternity," is inapplicable to a proceeding brought for nonsupport of a minor child under c. 273, § 1.   [176]

In a proceeding under G. L. (Ter. Ed.) c. 273, § 1, for nonsupport of a minor child born during wedlock, expert testimony that blood grouping tests definitely excluded the defendant as the father of the child would warrant a finding beyond a reasonable doubt that the defendant was not the father and thereby overcome the presumption of legitimacy, and would be admissible in evidence.   [176–177]

INDICTMENT, found and returned on December 6, 1956.

The case was reported by *Northrup*, J., a District Court judge sitting in the Superior Court under statutory authority.

*Wilfred S. Mirsky*, for the defendant.

*William A. Doherty*, Assistant District Attorney, for the Commonwealth.

WILLIAMS, J.   The defendant was indicted in two counts for failure to provide for the support of his wife and two minor children. G. L. (Ter. Ed.) c. 273, § 1.   Previous to trial he filed a motion for "a blood test under provisions" of G. L. (Ter. Ed.) c. 273, § 12A, to the allowance of which the Commonwealth objected on the ground that § 12A was inapplicable to proceedings for nonsupport under § 1.   The judge of the Superior Court to whom the motion was presented thereupon reported to this court without decision the following questions of law, G. L. (Ter. Ed.) c. 278, § 30A, inserted by St. 1954, c. 528, "1. Whether the provisions of G. L. (Ter. Ed.) c. 273, § 12A, are applicable to proceedings brought for nonsupport of minor children under G. L. (Ter. Ed.) c. 273, § 1.   2. Whether expert testimony of blood tests, which show an exclusion as defined in G. L. (Ter. Ed.) c. 273, § 12A, is admissible on the question of paternity in criminal proceedings brought under G. L. (Ter. Ed.) c. 273, § 1, for nonsupport of minor children born during wedlock."

Section 12A, inserted by St. 1954, c. 232, provides that "In any proceeding to determine the question of paternity, the court, on motion of the defendant, shall order the mother, her child and the defendant to submit to one or more blood grouping tests, to be made by a duly qualified physician or other duly qualified person, designated by the court, to determine whether or not the defendant can be excluded as being the father of the child.   The results of such tests shall be admissible in evidence only in cases where definite exclusion of the defendant as such father has been established.   If one of the parties refuses to comply with the order of the court relative to such tests, such fact

shall be admissible in evidence in such proceeding unless the court, for good cause, otherwise orders." It is intended to be inserted in that part of c. 273 which concerns the subject of illegitimacy and to follow § 12 which deals with the adjudication of the paternity of bastard children.

As the present indictment is not a "proceeding to determine the question of paternity," § 12A does not in our opinion authorize the court to order the mother and children therein named to submit to a blood grouping test. The language of § 12A is the same as that employed in Purdon's Pa. Sts. Anno., Title 28, § 306, inserted by Pa. Pub. Laws (1951) 402. The matter of blood grouping tests on order of the court appears to have been first presented to the Massachusetts Legislature in the form of a proposed bill (1954 House Doc. No. 666) which, following the language of Ohio Rev. Code c. 2317.47, provided that the court order submission to a blood grouping test "Whenever it shall be relevant in a civil or criminal action or proceeding to determine the paternity or identity of any person . . . ." It is significant, and persuasive of the correctness of our construction of the statute, that in the final draft of the proposed bill (1954 House Doc. No. 2495) and in the statute as enacted the language of the Pennsylvania statute was adopted in preference to that of the Ohio code. This Pennsylvania statute has been construed in that Commonwealth to be inapplicable in a proceeding similar to that in the present case. *Commonwealth* v. *Heydt,* 3 D. & C. (2d) (Pa.) 129, 130.

Apart from statutory authority we think expert testimony of blood grouping tests showing the definite exclusion of the defendant as the father of a child the support of whom is the object of an indictment or complaint under c. 273, § 1, is admissible if otherwise competent. *State* v. *Damm,* 64 S. D. 309, 312, 317. *Beach* v. *Beach,* 114 Fed. (2d) 479, 481, 482, and cases cited in footnote 6 at page 481. *Wong Fuey Ying* v. *Dulles,* 137 Fed. Sup. 470, 472 (D. Mass.). See *State* v. *Clark,* 144 Ohio St. 305, 314. There is substantial authority to support the scientific reliability of blood grouping tests

to prove biologically the impossibility of paternity. *State* v. *Damm, supra,* pages 312–313, and authorities there collected. *Jordan* v. *Mace,* 144 Maine, 351, 354. *Groulx* v. *Groulx,* 98 N. H. 481, 483. *Cortese* v. *Cortese,* 10 N. J. Super. 152, 156–157. Wigmore on Evidence (3d ed.) § 165a. McCormick on Evidence, § 178. 163 A. L. R. 939. 46 A. L. R. (2d) 1000. See *Euclide* v. *State,* 231 Wis. 616, 620; *Ross* v. *Marx,* 21 N. J. Super. 95, 99; *C.* v. *C.* 200 Misc. (N. Y.) 631, 633.

There is a presumption of legitimacy in the case of a child born in wedlock which can be overcome only by facts which prove beyond reasonable doubt that the husband could not have been the father. *Sayles* v. *Sayles,* 323 Mass. 66, 69. Proof of the impotency of the husband or no access to his wife is held to be sufficient. *Commonwealth* v. *Kitchen,* 299 Mass. 7, 8. Since like certainty of proof appears obtainable through the definite exclusion of the husband's paternity by the tests here under consideration, it follows that evidence derived from blood grouping tests would warrant a finding beyond a reasonable doubt that the defendant is not the father of either child named in the indictment and would be admissible. See *Groulx* v. *Groulx,* 98 N. H. 481, 484; *Beach* v. *Beach,* 114 Fed. (2d) 479, 482; *Cortese* v. *Cortese,* 10 N. J. Super. 152, 160; *Schulze* v. *Schulze,* 35 N. Y. Sup. (2d) 218, 220; *C.* v. *C.* 200 Misc. (N. Y.) 631, 633; *State* v. *Clark,* 144 Ohio St. 305, 312.

The case is remanded to the Superior Court for further proceedings in conformity with this opinion.

*So ordered.*