Lois M. Phillips *vs.* Chester S. Phillips.

Bristol.    October 30, 1957. — January 2, 1958.

Present: Wilkins, C.J., Williams, Counihan, Whittemore, & Cutter, JJ.

*Uniform Reciprocal Enforcement of Support Act.    Parent and Child.    Constitutional Law,* Self incrimination, Confrontation of witnesses.    *Evidence,* Presumptions and burden of proof.    *Error,* Whether error harmful.

A proceeding under the uniform reciprocal enforcement of support act, G. L. (Ter. Ed.) c. 273A, as appearing in St. 1954, c. 556, § 1, in a District Court in Massachusetts following its initiation in another State is civil, not criminal, in character, so that there was no violation of the respondent's rights under art. 12 of the Declaration of Rights of the Massachusetts Constitution in his being compelled to testify in the District Court and by his testimony to furnish the only proof of the petitioner's case, or in a refusal of his requests for rulings to the effect that he had a right to "confront" and cross-examine the petitioner. [562–563]

In a proceeding under the uniform reciprocal enforcement of support act, G. L. (Ter. Ed.) c. 273A, as appearing in St. 1954, c. 556, § 1, in a District Court in Massachusetts following its initiation in another State, the respondent was not harmed by a refusal of his request for ruling that the burden was on the petitioner to prove the allegations of the petition where the respondent's own testimony, the only evidence, was sufficient to prove the petitioner's case. [563–564]

Proceeding under the uniform reciprocal enforcement of support act, commenced on July 7, 1955, in the Third Dis-

trict Court of Bristol following its initiation in Superior Court, Cumberland County, Maine.

The case was heard by *Taveira,* J.

*Fred M. Thomas & George M. Thomas,* for the respondent, submitted a brief.

No argument nor brief for the petitioner.

WILKINS, C.J.   This proceeding under the uniform reciprocal enforcement of support act, G. L. (Ter. Ed.) c. 273A, as appearing in St. 1954, c. 556, § 1, was initiated in the Superior Court, Cumberland County, Maine, by the State of Maine department of health and welfare, on behalf of the divorced wife of the respondent to seek support for their four minor children.   The parties were divorced in Maine, where the respondent was ordered to pay $15 weekly for the support of his children.   The petitioner still lives in that State, and the respondent lives in New Bedford.

The District Court judge found that a duty existed to support the children, and ordered the respondent to pay $15 weekly.   The Appellate Division dismissed a report, and the respondent appealed.

In the District Court the only evidence came from the respondent, who was present under summons and was ordered to testify by the judge.   The respondent has remarried and has one child by his second marriage.   He earns between $55 and $65 a week, and has not been complying with the Maine order of support.

The respondent in his brief makes several suggestions by way of argument.   These scarcely meet the requirement of Rule 13 of the Rules for the Regulation of Practice before the Full Court (1952), 328 Mass. 698.   *Boston* v. *Dolan,* 298 Mass. 346, 355–356.   *Kaneb* v. *Kaneb,* 334 Mass. 525, 526–527.   *Galotti* v. *United States Trust Co.* 335 Mass. 496, 503.

The respondent asserts that c. 273A is criminal in nature, and hence that the judge erred in requiring him to take the stand.   This contention cannot be sustained.   The proceedings were civil in character.   *Freeman* v. *Freeman,* 226 La. 410, 415.   The purpose of the uniform act is to provide an effective procedure to compel performance by one under a

duty to support dependents in another State, and the District Court judge had power to make a valid order prospective in operation based upon the respondent's duty to support his children in Maine. *Keene* v. *Toth*, 335 Mass. 591, 593. By § 3 of the act, the duty of support and the laws relative to enforcement "bind the obligor regardless of the presence or residence of the obligee."

As the proceedings were not criminal, no rights guaranteed by art. 12 of the Declaration of Rights of the Constitution of this Commonwealth were denied by the refusal of the respondent's requests numbered 6 and 7.[1]

The judge denied the respondent's first request for a ruling: "The burden is on the petitioner to prove the allegations in her petition." He granted the fourth request: "The pleadings in this case are not evidence." From the manner in which the case has been presented and from the absence of any separate discussion of this request in the opinion of the Appellate Division, it seems probable that the real ground of the respondent's complaint was similar to those we have already considered, namely, that the proceedings were criminal; and that all the evidence came from the respondent and none from the petitioner.

If, however, we assume that the first request was technically correct, its denial did not harm the respondent. The petition is not in the record, but as filed in the Maine court it must be assumed to have complied with the requirements of §§ 6 and 7 of the uniform act before transmittal to the District Court in this State under § 8. At the hearing before the District Court judge there was no contention by the respondent that these minor children were not his. His uncontroverted testimony required a finding that there was a duty to support. The finding that $15 was a reasonable sum to pay weekly for the support of four children is not expressly attacked. It cannot be pronounced unreasonable. It was not based upon the pleadings as evidence. It must have been based upon the only evidence that there was,

---

[1] These requests were to the effect that the respondent had the right to "confront" and cross-examine the petitioner. — REPORTER.

namely, that of the respondent. The case could be proved out of the respondent's own mouth. *Keene* v. *Toth*, 335 Mass. 591. *Ivey* v. *Ayers*, 301 S. W. (2d) 790, 796 (Mo.).

*Order dismissing report affirmed.*