*Southern District*

**YVONNE MOSS, Petitioner**

v.

**GARY WYNN, Respondent**

*Present*: Nash, C.J., Cox, Lee, JJ.

Case tried to *Owen, J.* in the First District Court of Bristol, No. 632-1964.

*Cox, J.* This is a petition for the support of a child begotten and born *out of wedlock* in the year 1963 in the State of New York

where both mother and child have continually resided.

The proceeding was originated in the Family Court for Rockland County in the State of New York under the Uniform Support of Dependents Law of that state, a reciprocal law substantially similar to that enacted in this Commonwealth as G.L.c. 273A and by §17 thereof entitled "The Uniform Reciprocal Enforcement of Support Act."

The petition was forwarded to the First District Court of Bristol at Taunton within whose jurisdiction the respondent obligor was an inhabitant or resident. G.L. c. 273A, §6.

At the trial in the district court the petitioner, her father and a New York private investigator testified in behalf of the petitioner. Wynn himself and one Fitzsimmons testified in the respondent's behalf. Both parties were represented by counsel. The respondent Wynn gave the petitioner a false name and address at the time of their meetings and the justice found that it became necessary to hire a lawyer and a private investigator in order to locate the respondent and institute this claim for support.

The justice found that the respondent Gary Wynn is the father of the petitioner's child begotten and born in the State of New York. There was evidence to support the finding. The respondent was ordered to pay ten dollars each week for the child's support. He was also ordered to pay for the services of

the attorney and the investigator. No contention is made against the reasonableness of the order. We therefore do not further consider it. *Keene v. Toth,* 335 Mass. 591, 593; *Phillips v. Phillips,* 336 Mass. 561, 563.

The case was reported for our determination because the respondent claims to be aggrieved by the denial of his two requested rulings which are as follows:

"1. On the law and facts, a finding must be made for the appellant.

"2. An adjudication of paternity may not be made under the provisions of G.L. (Ter. Ed.) (sic) c. 273A."

The respondent states his position in these words "the essence of the respondent's position . . . is that this statute is for the sole purpose of enforcing existing duties of support. The duty of support — in this case, the adjudication of paternity — cannot be created under this statute. The Legislature never intended to, as indeed it could not, deprive a Massachusetts citizen of his right to a trial by jury on the issue of the creation of the duty."

By G.L. c. 273, §15 a duty is imposed upon the father to support his illegitimate child during its minority whether the child was begotten within or without the Commonwealth. *Commonwealth v. Lanoue,* 326 Mass. 559, 562. That duty to support is none the less because the neglect or refusal of such support is a misdemeanor under said §15. The duty to support may be enforced, as in this case,

under G.L. c. 273A, which is a civil proceeding. *Phillips v. Phillips,* 336 Mass. 561, 562. By §2 the remedies provided in c. 273A are in addition to and not in substitution for any further remedy, hence the application of G.L. c. 273, §15. *Kirby v. Kirby,* 338 Mass. 263, 270.

When illegitimacy is a material issue, as it is in this case, it may be determined judicially in a proceeding not criminal. *Purinton v. Jamrock,* 195 Mass. 187, 197 (adoption.).

The New York Uniform Support of Dependents Law in Art. 3A, §§31, 32 (added by L. 1958 c. 146), like the Massachusetts law, also obligates the father to support his child born out of wedlock. §33 provides that the father's liability shall not be enforceable unless he has been adjudicated to be the child's father by a court of competent jurisdiction or acknowledges paternity. The First District Court of Bristol at Taunton is such a court. G.L. c. 273A, §6. *Keene v. Toth,* 335 Mass. 591, 592. *Vivori v. Fourth Dist. Court of Berkshire,* 323 Mass. 336, 337. The duty of support imposed upon the natural father by New York law would appear to be enforceable in Massachusetts by G.L. c. 273A, §4 which provides, so far as applicable, that "Duties of support enforceable under this chapter (273A) are those imposed under the laws of any state . . . in which the obligee under §1, the child to whom a duty of support is owed) was present when the failure to

support commenced." The duty of support in New York is enforceable in Massachusetts where the respondent is presently found.

The court said in *Phillips v. Phillips,* 337 Mass. 561, 562, 563:

> "The purpose of the uniform act is to provide an effective procedure to compel performance by one under a duty to support dependents in another State, and the District Court judge had power to make a valid order prospective in operation based upon the respondent's duty to support his children in Maine (or New York). *Keene v. Toth,* 335 Mass. 591, 593."

In *Keene v. Toth,* 335 Mass. 591, the obligor, a Massachusetts resident, was found to owe a duty of support for his two minor children in Virginia. By §3 of the Uniform Act, the duty of support and the laws relative to enforcement "bind the obligor regardless of the presence or residence of the obligee." Thus, it seems that the respondent's duty of support is clearly evident under both New York and Massachusetts law and is enforceable under G.L. c. 273A. *Keene v. Toth,* 335 Mass. 591, 594. *Phillips v. Phillips,* 336 Mass. 561. With reference to the Uniform Act it was observed by Wilkins, C.J.,

> "Its need lies in the fact that the usual migrating and relluctant obligor leaves behind in a jurisdiction whence he has departed no property from which a judgment

could be satisfied. In the rare case where he does, the judgment can be enforced only as to amounts due when suit is brought."

This duty of support owed by a father of a child born out of wedlock has been consistently recognized by our court. The fact that the cases involved criminal prosecutions would not appear to affect the express purpose of the law to impose the duty of support similar to that applicable to legitimate offspring. *Commonwealth v. Callaghan,* 223 Mass. 150. *Commonwealth v. Dornes,* 239 Mass. 592, 594-595. *Commonwealth v. Hall,* 322 Mass. 523, 528-529. *Vivori v. Fourth Dist. Court of Berkshire,* 323 Mass. 336, 338. *Commonwealth v. Gross,* 324 Mass. 123, 124. *Commonwealth v. Lanoue,* 326 Mass. 559, which points out that under prior statutes the so-called bastardy statutes were essentially civil and designed, not to inflict punishment on the father, but to compel assistance to the mother in the maintenance of the child and relieve the state or municipality against such expense.

The justice of the district court was right in adjudicating Wynn's paternity for the purpose of determining his duty of support and in ordering performance of that duty by him.

The respondent claims that the Uniform Act deprives him of his right to a trial by jury on the issue of the duty of support. The respondent appeared generally, was represented by counsel and testified at the trial in the district court. The case was reported because

the respondent claims to be aggrieved by the finding of a duty of support implicit in his request for rulings which the judge denied. St. 1954, c. 556 which inserted c. 273A in the General Laws provided in §9 for the report of questions of law to the Appellate Division and made applicable to such reports G.L. c. 231, §§108-110, inclusive.

The question of the alleged right to a trial by jury is not before us on report. We therefore do not consider whether this is a case equitable in nature which does not entitle the respondent to a trial by jury, *Hatfield v. Klimoski*, 338 Mass. 81, or whether it is a civil action within the meaning of G.L. c. 231, §97 entitling the respondent to an appeal and a trial *de novo* on the merits in the Superior Court. *Donnelly v. Montague*, 305 Mass. 14; *Stow v. Libby*, 18 Mass. App. Dec. 188. "The purpose of the uniform reciprocal enforcement of support act is to obtain support for dependents, and not to provide a procedural field day for defaulting husbands and fathers." *Kirby v. Kirby*, 338 Mass. 263.

*As no prejudicial error has been shown, an order should be entered dismissing the report.*

Morton H. Aronson of Boston for the Petitioner.

Benjamin A. Friedman of Taunton for the Respondent.