M———————— v. W————————.

———

M_____ *vs.* W_____.

Bristol.   April 7, 1967. — June 12, 1967.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER,
& REARDON, JJ.

*Uniform Reciprocal Enforcement of Support Act. Paternity. Parent
and Child.*

Evidence warranted a finding that one who had sexual relations with a
high school student was the father of her child born nine months later.
[706]

M———————— v. W——————.

Summary of proceedings under the Uniform Reciprocal Enforcement of Support Act, G. L. c. 273A. [708]

G. L. c. 273, § 15, clearly establishes the civil duty of a natural father to support a child of his born out of wedlock, whether begotten within or without Massachusetts. [709]

In a proceeding under the Uniform Reciprocal Enforcement of Support Act, G. L. c. 273A, in which the petitioner, her father, the respondent as the alleged father of her minor child, and other witnesses were all present in a District Court in Massachusetts following initiation of the proceeding in another State, the court properly made a determination of the contested issue of the respondent's paternity. [711–712]

PROCEEDING under the Uniform Reciprocal Enforcement of Support Act, commenced on September 2, 1964, in the First District Court of Bristol following its initiation in the Family Court, Rockland County, New York.

The case was heard by *Owen*, J.

*Melvin S. Louison* (*Albert J. Fayad* with him) for the respondent.

*Morton H. Aronson* for the petitioner.

CUTTER, J. The petitioner under G. L. c. 273A, the Uniform Reciprocal Enforcement of Support Act (see c. 273A, § 17), seeks support for her minor child. The petition was filed in 1964 in the Family Court, Rockland County, State of New York, under the New York Uniform Support of Dependents Law, which is substantially similar to G. L. c. 273A. The petition alleged (1) that the respondent is the father of the petitioner's child, then seven months old, (2) that the respondent is a college student residing in Massachusetts, and (3) that he has neglected to provide fair and reasonable support for the petitioner and the child. In sworn written assertions, attached to the petition under the heading, "Testimony of Petitioner," the petitioner states, among other things, that she lives in the State of New York, that she has never been married, that she never lived with the respondent, that there was (at the time of the testimony) no outstanding complaint or order for support, that she is living with her parents who support her and her baby, and that a "private investigator hired by . . . [her] has a statement from the respondent in which . . . [he] admits having sexual relations with" her.

M———————— v. W——————————.

The papers were forwarded[1] to the First District Court of Bristol in accordance with G. L. c. 273A, and were filed in that court on September 2, 1964. After trial in that court on June 22, 1965, the judge found that the respondent was the father of the child and that the "respondent gave the petitioner a false name . . . during the time of their meetings . . . [so that] it was necessary for the petitioner to hire a lawyer and a private investigator." The respondent was ordered to pay support of $10 a week plus medical, legal, and investigation bills.

There was the following testimony at the trial. The respondent attended an athletic tournament in New York City on March 20, 1963. There he met the petitioner, a high school student. They had sexual relations on March 21, 1963, as the respondent admitted to one Stawinsky, a private investigator. A baby was born on December 20, 1963. The respondent's domicil is in Massachusetts. The petitioner has her domicil in New York. The child lives with her there.

The respondent requested, and the trial judge denied, rulings (a) that as matter of law there must be a finding for the respondent, and (b) that an "adjudication of paternity may not be made under" G. L. c. 273A. The Appellate Division dismissed a report.

1. The evidence warranted the trial judge (if he had jurisdiction to consider that issue) in deciding that the respondent was the father of the petitioner's child. The essential question, raised clearly by the second request for ruling, is whether the District Court could properly determine the contested issue of paternity in this proceeding under G. L. c. 273A.

2. The proceedings are civil. "The purpose of the uniform act [c. 273A] is to provide an effective procedure to

---

[1] The judge of the Family Court certified that he had examined the petitioner under oath, that the petition "was duly filed . . . under the . . . Uniform Support of Dependent[s] Law . . . of New York" and that in his opinion, the respondent "should be compelled to answer such petition and be dealt with according to law." See *Kirby* v. *Kirby*, 338 Mass. 263, 269.

compel performance by one under a duty to support dependents in another State." See *Phillips* v. *Phillips,* 336 Mass. 561, 562–563.[2] See also *Keene* v. *Toth,* 335 Mass. 591, 593.

This court, in these cases, has recognized the requirement of c. 273A, § 17, that the act "shall be so construed and interpreted as to accomplish its general purpose" (see *Kirby* v. *Kirby,* 338 Mass. 263, 269) and has avoided restrictive application of its provisions. The civil remedies afforded by this statute are not to be construed narrowly and every "endeavor should be made . . . to render this statute operable." See *Pfueller* v. *Pfueller,* 37 N. J. Super. 106, 109. See also *Lambrou* v. *Berna,* 154 Maine, 352, 356; *State of Ill. ex rel. Shannon* v. *Sterling,* 248 Minn. 266, 274–275; *Daly* v. *Daly,* 39 N. J. Super. 117, 128; *Re Duncan,* 172 N. E. 2d 478, 480–481 (Ct. App. Ohio); *Commonwealth* v. *Shaffer,* 175 Pa. Super. 100, 106; note, 45 Ill. L. Rev. 252, 262.

Pertinent provisions of c. 273A (in general as amended through St. 1954, c. 556, § 1) are set out in the margin.[3]

---

[2] The statute was substantially revised in 1954 on the basis of a study (see Res. 1953, c. 5) contained in the 29th Report of the Judicial Council (1953) Pub. Doc. No. 144, pp. 16–23. See 1954 Senate Doc. Nos. 325, 705; 1954 Senate Journal, p. 936.

[3] *Section 1* definitions include — " 'Court', a district court of this commonwealth and, when the context requires, the court of any other state as defined in a [substantially similar] reciprocal law . . . . 'Duty of support', any duty of support imposed by law, or by any court order . . . . 'Initiating state', a state in which a proceeding pursuant to the provisions of this chapter or a [substantially similar] reciprocal law . . . is commenced. 'Obligee', any person to whom a duty of support is owed. 'Obligor', any person owing a duty of support. 'Responding state', a state in which a proceeding pursuant to the proceeding in the initiating state is . . . commenced. . . ." *Section 2* states that the remedies under c. 273A are "in addition to and not in substitution for any other remedy." *Section 3* provides, "The duty of support imposed by . . . [Massachusetts] laws . . . or by the laws of the state where the obligee was present when the failure to support commenced . . . bind the obligor regardless of the presence or residence of the obligee." *Section 4* states that the "[d]uties of support enforceable under . . . [c. 273A] are those imposed under the laws of any state in which the alleged obligor was present during the period for which support is sought or in which the obligee was present when the failure to support commenced." *Section 6* makes it clear that the enforceable duty of support is "irrespective of the relationship between the obligor and the obligee" (see amendment by St. 1965, c. 17, § 1, now in effect).

M———————— v. W————————.

These statutory provisions, and others mentioned below, provide a procedure which may be summarized as follows. (1) The appropriate court[4] of the initiating State, that is, the State (here New York) of residence of the obligee, here the child (see § 6), determines that there exists probable cause for enforcement of a right of support under c. 273A. See § 8; *Kirby* v. *Kirby*, 338 Mass. 263, 269. (2) That court transmits to the appropriate court of the responding State the petition and other appropriate documents. (3) The proper court in the responding State (here Massachusetts) proceeds to "a speedy hearing." See § 9.[5] It then determines (§ 10) whether a "duty of support" exists. (4) If "the court finds [that such] a duty of support" exists, it may issue an appropriate order. See Brockelbank, Interstate Enforcement of Family Support, pp. 47–65.

Because (§ 2) the remedies in c. 273A "are in addition to . . . any other remedy" (see *Helgesson* v. *Helgesson*, 196 F. Supp. 42, 46 [D. Mass.], affd. 295 F. 2d 37 [1st Cir.]), the special civil remedy (given to District Courts in Massachusetts) under c. 273A is not in terms dependent upon

---

[4] The Family Court in New York is referred to in the comparable provisions of the presently effective New York reciprocal statute. See 14 McKinney's Consol. Laws (N. Y.) (annotated), Domestic Rel. Law, §§ 30–42 (as amended by Laws 1958, c. 146, § 1), esp. § 31, subpar. 2, as amended by Laws 1962, c. 689, § 15. New York by § 33, subpar. 5, imposes upon parents a duty to support an illegitimate child, although the liability of the natural father is not to be "enforceable unless he has been adjudicated to be the child's father by a court of competent jurisdiction." See *Re Miller*, 114 N. Y. S. 2d 304 (Children's Court); *Goff* v. *Lops*, 28 Misc. 2d (N. Y.) 653 (Children's Court). See also *Anonymous* v. *Anonymous*, 49 Misc. 2d (N. Y.) 675, 677 (Family Court). The Family Court also has jurisdiction of the subject matter of paternity determinations. See the Family Court Act, art. 5, § 511 (and related sections). 29A McKinney's Consol. Laws (N. Y.) (annotated), part 1, p. 242 et seq. See also *Urbancig* v. *Pipitone*, 23 App. Div. 2d (N. Y.) 193; Restatement: Conflict of Laws, §§ 454–456; Leflar, Conflict of Laws, § 183; annotation, 57 A. L. R. 2d 689.

[5] Section 9 (as amended by St. 1960, c. 42, and by St. 1965, c. 17, § 2) reads, "When the district court receives from a court of an initiating state certified copies of the petition . . . containing the essential allegations" under §§ 6 and 7 "and the certificate referred to in" § 8, it shall "take appropriate steps to obtain jurisdiction of the respondent . . . and schedule the matter for a speedy hearing. . . . A statement under oath . . . made by the petitioner , . . in such petition shall so far as relevant constitute prima facie evidence on the issues of the existence of the duties to support defined in" §§ 3 and 4, "of the fact of failure to provide such support and of the fact of the unreasonableness of such failure."

compliance with the requirements of any other procedures provided by other statutes (in the responding State) for enforcement of the same support obligation.   Chapter 273A provides its own procedures.

Support is now sought for a period during which the respondent has been a resident of Massachusetts.[6]   This Commonwealth, by G. L. c. 273, § 15, places a father under a legal duty to support an illegitimate child wherever begotten.[7]   Section 15 is a criminal statute for it creates a misdemeanor.   Although criminal in form, it is sometimes regarded and used as a method of enforcing a support duty. That this is so is indicated by G. L. c. 273, § 17 (as amended through St. 1953, c. 163), permitting the dismissal of a complaint on various grounds, including the fact "that adequate provision has been made for its [the child's] maintenance, or that it is for the best interests of the child." In any event, even though in form a criminal statute, c. 273, § 15, clearly establishes the civil duty of a natural father to support a child of his born out of wedlock.   The question for decision is whether the existence of his relationship to the child (that is, his paternity) can be established in a

---

[6] Although c. 273A, § 4, might be interpreted as permitting application of New York law, Massachusetts law is to be applied in deciding this case.  See *Rosenberg* v. *Rosenberg,* 152 Maine, 161, 163; note, 13 Stanford L. Rev. 901, 905–915.  See also *State ex rel. Lyon* v. *Lyon,* 75 Nev. 495, 497; *Cobbe* v. *Cobbe,* 163 Atl. 2d 333, 336–337 (Mun. Ct. App. D. C.); note, 30 St. John's L. Rev. 309, 312–315.   Cf. Ehrenzweig, Interstate Recognition of Support Duties, 42 Cal. L. Rev. 382.

[7] Section 15 reads, "Any father of an illegitimate child, *whether begotten within or without the commonwealth,* who neglects . . . to contribute reasonably to its support . . . , shall be guilty of a misdemeanor.  If there has been any final adjudication of the paternity of the child, such adjudication shall be conclusive on all persons in proceedings under this section; otherwise, the question of paternity shall be determined in proceedings hereunder.   The duty to contribute reasonably to the support of such child shall continue during its minority" (emphasis supplied).   See also c. 273, § 11, relating to the misdemeanor of begetting.   Because begetting, to constitute a crime in Massachusetts, must have occurred in this State (see *Commonwealth* v. *Lanoue,* 326 Mass. 559, 560–563), § 11 often will have no relevance in a case where Massachusetts is a responding State under c. 273A, unless, of course, the child was begotten here.   See also sections related to § 15, e.g. c. 273, §§ 12, 12A, 16.   As a practical matter and in effect § 15 is often applied essentially as a civil remedy much like the Uniform Act on Paternity, drafted in 1960 but not adopted in Massachusetts.  See Handbook of the Natl. Conf. of Commrs. on Uniform State Laws, 1960, pp. 178–182; Uniform Laws Annotated, vol. 9B, p. 522, et seq.

M———————— *v.* W————————.

civil proceeding under c. 273A, where Massachusetts is a responding State.

No practical considerations preclude having the Massachusetts District Courts determine paternity in civil proceedings under c. 273A. These courts[8] habitually make such determinations in criminal proceedings under c. 273, §§ 11–18. The principal difference between a civil proceeding under c. 273A and a quasi-criminal nonsupport prosecution under c. 273 is that appellate review under c. 273A will be by the Appellate Division (see St. 1954, c. 556, § 9) rather than (as under c. 273) by the Superior Court with a jury trial de novo. These courts have available to them in civil proceedings under c. 273A at least the same powers of investigation available to them under c. 273.[9]

We recognize that in many proceedings under c. 273A, especially where there is little dispute on the facts, the petitioner may never appear in person in the court of the responding State. See Brockelbank, op. cit. pp. 51–53.[10] See also *Aberlin* v. *Aberlin,* 3 App. Div. 2d (N. Y.) 417, 419, 421. Evidence often is offered only by deposition or through the respondent. In a contested paternity case this may not be at all appropriate, for the issues are such that presence of

---

[8] The Municipal and District Courts in Massachusetts have jurisdiction of the subject matter (the determination of paternity) under G. L. c. 273, § 15, and related sections, as courts of general and superior jurisdiction with reference to all matters entrusted to them. *Vivori* v. *Fourth Dist. Court of Berkshire,* 323 Mass. 336, 337–338. This jurisdiction by c. 273A has been extended to civil support proceedings under that chapter.

[9] For example c. 273, § 12A, inserted by St. 1954, c. 232, provides (emphasis supplied) for blood grouping tests "[i]n any proceeding to determine . . . paternity." On the literal meaning of its words, § 12A is applicable in c. 273A proceedings. In any event, such a test would be admissible in evidence in accordance with principles stated in *Commonwealth* v. *Stappen,* 336 Mass. 174, 175–177, and *Commonwealth* v. *D'Avella,* 339 Mass. 642, 644–647. The present record does not indicate whether the District Court ordered such tests, often important because of their reliability in certain cases where the results indicate "biologically the impossibility of paternity." See the *Stappen* case at pp. 176–177.

[10] If a nonresident petitioner, however, does not appear herself to testify and to submit to cross-examination, then the District Court may appropriately, by an exercise of its inherent discretionary powers, stay the c. 273A proceedings to give her an opportunity to appear in person, or to allow time for the initiation of proceedings under c. 273, § 15. See *Lambrou* v. *Berna,* 154 Maine, 352, 359–362; *Pfueller* v. *Pfueller,* 37 N. J. Super. 106, 109–111.

the parties before the trier of the fact may be of great importance. No such problem, however, exists in the present case for the petitioner, her father, the respondent, and other witnesses were all present in person in the District Court and testified. In such circumstances, considerations of prompt adjudication and of carrying out the beneficial purposes of the uniform reciprocal support act lead to determination, in the civil c. 273A proceedings, of the civil issue whether a duty of support exists because of paternity. See Brockelbank, op. cit. pp. 57–58. We construe c. 273A (even if it is largely procedural and even though it creates no new substantive rights or duties) as providing a new and additional civil remedy (§ 2, fn. 3) for the enforcement of all relevant preëxisting substantive rights. See *Ivey* v. *Ayers,* 301 S. W. 2d 790, 794–797 (Mo.). See also *Smith* v. *Smith,* 131 Cal. App. 2d 764, 770; *Illinois ex rel. Shannon* v. *Sterling,* 248 Minn. 266, 274; *Commonwealth* v. *Shaffer,* 175 Pa. Super. 100, 108–109.

The broad language of c. 273A, § 10, permits enforcement of the support obligation, if "the court finds a duty of support." We regard this language as specifically and adequately placing this civil remedy in the District Court and enabling the judges of that court to make in civil proceedings under c. 273A the same type of determination of paternity (as a basis of finding a "duty of support") which it is clearly possible for them to make in criminal proceedings under c. 273.

Chapter 273A provides for the enforcement of a duty of support which is essentially equitable in character. See *Hatfield* v. *Klimoski,* 338 Mass. 81, 83–84; *Commonwealth of Pennsylvania, to the use of Warren* v. *Warren,* 204 Md. 467, 472–475. Because proceedings under c. 273A have no criminal aspect, they are unlike those under c. 273, §§ 11, 12, and 15, which, because criminal, afford to a defendant father an appeal (from a conviction in the District Court) to the Superior Court under G. L. c. 278, § 18 (as amended through St. 1955, c. 131, § 8). By c. 273A, § 10, as has been

noted, "the court" is charged with deciding whether there is "a duty to support." In the present case, no appeal was claimed under G. L. c. 231, § 97, but in any event an appeal under § 97 would be inconsistent with the review provided by St. 1954, c. 556, § 9.

3. We conclude that the determination of paternity was properly made under c. 273A and that there was no error in denying the respondent's requested rulings.

*Order dismissing report affirmed.*