COMMONWEALTH *vs.* GEORGE CHAPMAN. October 18, 1974. The defendant (in the Superior Court) was adjudicated the father of an illegitimate child under G. L. c. 273, § 11, placed on probation, and ordered to make payments toward the child's support (G. L. c. 273, §§ 16, 5) and toward the mother's confinement expenses (G. L. c. 273, § 16). The defendant contends that G. L. c. 273, § 11 ("Whoever, not being the husband of a woman, gets her with child shall be guilty of a misdemeanor."), is invalid under the Fourteenth Amendment to the Constitution of the United States because it provides a criminal penalty applicable to the father of an illegitimate child but not applicable to the mother. We do not decide this question because this case does not involve the imposition of a criminal penalty simpliciter and the defendant has no standing to complain of such an imposition. *Commonwealth* v. *Brunelle,* 361 Mass. 6, 10-11 (1972), and cases cited. The statute was applied to the defendant in a manner consistent with the primary purpose of G. L. c. 273, §§ 11-19, "to further the interests of the child by requiring the father to contribute reasonably to its support . . .." *Vivori* v. *Fourth Dist. Court of Berkshire,* 323 Mass. 336, 338 (1948). See *Commonwealth* v. *Dornes,* 239 Mass. 592, 594 (1921). The adjudication of paternity and the probation were merely a vehicle for the support order. The paternity adjudication was not substantially different from such an adjudication in civil proceedings under G. L. c. 273A, the Uniform Reciprocal Enforcement of Support Act. See M____ v. W____, 352 Mass. 704, 710 (1967). Indeed, G. L. c. 273, § 17, provides that "the case may be dismissed and any adjudication vacated" if "adequate provision has been made for its [the child's] maintenance, or . . . it is for the best interests of the child . . .." See M____ v. W____, *supra,* at 709. The support or-

der raises no equal protection question, for it merely enforces a duty imposed on the father which is correlative to the mother's duty at common law. *Commonwealth* v. *Hall,* 322 Mass. 523, 528-529 (1948). The defendant does not argue that there are any differences which raise equal protection issues between the sanctions to enforce the mother's duty and the sanctions to enforce the father's duty. Nor do we feel it incumbent on us in this case, in which the defendant has submitted a brief containing barely a page and a half dealing with the constitutional issue (see *Commonwealth* v. *Hesser,* 1 Mass. App. Ct. 850 [1973]), to undertake an analysis of the complex of statutes dealing with the duty of fathers and mothers to care for their children. See G. L. c. 273, §§ 1-8, 10, 11-18; G. L. c. 119, §§ 23, 24, 28, 39. See also G. L. c. 201, § 5. Neither the defendant's contention that the order for support was excessive nor the denial of his motion for custody (G. L. c. 273, § 14) raises anything but factual issues not within the scope of an appeal under G. L. c. 278, § 28. *Guerin* v. *Commonwealth,* 337 Mass. 264, 266 (1958).

*Judgment affirmed.*

*John Pricopoulos* for the defendant.

*Thomas M. Gilligan,* Assistant District Attorney, for the Commonwealth.