This certifies that this is the OPINION of the Appellate Division in this cause.

**Robert E. Fein, Clerk**

**Joan M. WHITE, Plaintiff**
vs.
**Phillips CHRISTOPHERSON, Defendant**

**No. 331**

District Court/Worcester, ss.
Appellate Division/Western District
Trial Court of the
Commonwealth of Massachusetts

**November 4, 1982**

Joan M. White (Pro Se) counsel for plaintiff.
Brian A. O'Connell, counsel for defendant.

### DECISION AND ORDER

This cause came on to and was heard in the Appellate Division for the Western District sitting in Springfield upon report from the Clinton Division of the District Court Department and it was found and decided that there was no prejudicial error.

It is hereby ordered:

That the Clerk of the Clinton Division of the District Court Department make the following entry in said case on the docket of said Court; namely:

Report Dismissed

Date: November 4, 1982

**Francis J. Larkin, Justice**
**William T. Walsh, Justice**
**Mel L. Greenberg, Justice**

Opinion filed herewith:

**Robert E. Fein, Clerk**

### OPINION

**Larkin, J.** In the district court the plaintiff filed a petition for support under the Uniform Reciprocal Enforcement of Support Act, Chapter 273A, **et seq.**, of the General Laws. In that action the plaintiff-defendant's former wife—sought an order seeking a modest increase in a support order for the parties' minor son.

At the trial there was evidence tending to show that on September 16, 1970, the Worcester Probate Court had granted a divorce to the defendant husband. Incorporated into the decree of that divorce was a stipulation ordering the husband, so far as here relevant, to pay an amount of thirty dollars per week for the support of each of three children.[1]

After a full and capacious hearing, and upon abundant evidence, the trial judge granted the plaintiff's request and established the new weekly payment in an amount of $55.00. Defendant challenges that award here and raises a number of issues, none of which we believe are meritorious.

The provisions of G.L. c. 273A clearly contemplate that the District Court Department of the trial court shall have jurisdiction to review and revise support decrees even though the genesis of those orders may have been the probate court. The initial order of support is obviously neither immutable nor etched in stone but is subject to the ongoing scrutiny impelled by such factors as the inflationary vicissitudes of the times. The fact that the district court raised the order from thirty to fifty-five dollars after a twelve-year hiatus is neither surprising nor subversive. So long as this action was grounded on rationality, and supported by credible evidence, factors abundantly present here, there is no error and the upwardly revised decree must stand.

Secondly, the defendant argues that he should be absolved from paying the increase because of some putatively wrongful or spiteful conduct of the mother in removing the child from Massachusetts to Texas where she now lives. However poignant this situation may be for the father in terms of visitation rights, etc., it is now well-settled that such questions stand apart from and are separate from the independent and ongoing responsibility of a parent to provide support for a minor child. As the Supreme Judicial Court has recently written in **Mazzocco v. Mazzocco,** 79 Adv. Sh. 1856 (1979), where similar issues were raised, "the purpose of the uniform act (C. 273A) is to provide an effective procedure to compel performance by one under a duty to support dependents in another state." See also **Phillips v. Phillips,** 336 Mass. 561 (1958).

Finally, defendant claims to be aggrieved by the court's striking of his requests for rulings of law and for a manifold amendment of findings. The issue before the district court was a single and relative simple question of the appropriate level of support. However, the defendant's counsel submitted some fifty-six requests for rulings and sought a significant number of amendment of findings. It is now well-settled that it is well within the discretion of the trial judge to strike requests for rulings which he deems as excessive and disproportionate to the questions law sought to be raised. Palpably, that is the situation here and there was no abuse of discretion on the part of the trial judge. See, **Hogan v. Coleman,** 326 Mass. 770, 773 (1951); **Commonwealth v. Greenberg,** 339 Mass. 557 (1959).

For all of the above reasons we find no **error** and accordingly the report should be dismissed.

**Francis J. Larkin, J.**
**William T. Walsh, P.J.**
**Mel L. Greenberg, J.**
This certifies that this is the OPINION of the Appellate Division in this cause.
**Robert E. Fein, Clerk**

---

[1]As two of the children have subsequently attained majority and are now outside the ambit of that stipulation, the instant hearing in the District Court focused solely on the single appropriate monthly payment to the only remaining minor child.