**Alice A. FERNANDES**
vs.
**Henry GRACE**

**No. 302**

District Court/Plymouth, ss.
Appellate Division/Southern Division
Trial Court of the
Commonwealth of Massachusetts

**December 21, 1982**

186

**Lee M. Berger,** counsel for plaintiff
**Joseph F. Krowski,** counsel for defendant

**Silva, J.** The plaintiff brings this action to recover child support arrearages alleged to have accrued by virtue of a Plymouth County Superior Court order imposed as a condition of probation in·a criminal non-support action. The defendant was adjudged guilty in the case of **Commonwealth vs. Grace** (#69170) of criminal neglect of his illegitimate child. The plaintiff is the mother of said child.

The Complaint was filed on February 14, 1979, and service was made on the defendant on February 23, 1979, along with notice of a hearing on a Motion to Attach Real·Estate to be heard on March 14, 1979. The defendant appeared **pro se** on March 14, 1979, and after hearing the court approved the attachment. The defendant did not file an answer. Judgment by default was entered June 26, 1979, and Execution issued on July 9, 1979, in the amount of $4,106.00 plus costs of $26.70. The defendant filed a Motion to Remove Default and Set Aside Judgment on May 6, 1981. The motion was argued on May 27, 1981, and was denied. The defendant appeals from the denial of his motion.

Meanwhile on May 12, 1980 the Plymouth County Superior Court, **ex parte** and without notice to the plaintiff - mother or her attorney, entered a modification of the support order remitting the arrearages.

During the pendency of the suit in question and prior to the entry of the default judgment the defendant, on June 13, 1979, filed an answer in the Bristol County Superior Court to a complaint filed by the plaintiff - mother on May 29, 1979 alleging a fraudulent conveyance of real estate by the defendant to his wife for "love and affection".

No requests for rulings were filed, but the defendant cited certain grounds for his motion to remove default and vacate judgment which properly raise questions of law. Specifically the motion alleges, **inter alia,** that the Order of Judgment entered by default was- beyond the jurisdiction of the court and that the plaintiff's complaint does not state a claim upon which relief can be granted.

The court made the following findings of fact:

1. That the Defendant appeared **pro se** on March 14, 1979, at a hearing on a Motion to Attach Real Estate. The Motion was allowed in the presence of the Defendant.

2. The Defendant had from February 23, 1979, the date of service, until June 26, 1979, when a default judgment entered, to obtain counsel and defend the action.

3. The Defendant did obtain counsel on or before June 13, 1979, when his counsel filed an answer to an action of fraudulent conveyance in the Bristol County Superior Court. Said action alleged that the Defendant fraudulently conveyed certain real estate to his wife for "love and affection" on February 23, 1979.

4. Despite being represented by counsel since at least June 13, 1979, the Motion to Remove Default and Set Aside Judgment was not filed until May 6, 1981.

5. The Defendant's failure to answer the Plaintiff's complaint was not attributable to mistake, inadvertence, surprise or excusable neglect.

6. Neither the Plaintiff nor her

attorney, Lee M. Berger, (who appeared for the Commonwealth and prosecuted the Defendant in the Plymouth Superior Court for non-support) were notified of the Superior Court hearing on March 12, 1980, at which the child support arrears were remitted.

7. The Defendant's failure to file a motion to remove the default and set aside the judgment for almost two years after judgment entered, and more than one year after the Superior Court hearing on March 12, 1980, was not attributable to mistake, inadvertence, surprise or excusable neglect.

The Court ruled orally and not in response to written requests for rulings that the modification of the Superior Court order, occurring after entry of the default judgment in the Wareham Division, did not affect the validity of the civil judgment entered in the Wareham Court; and that at all times the Wareham Court had jurisdiction of the civil action.

The court further ruled that the Motion to Remove Default and Set Aside Judgment was not filed within a reasonable time in accordance with Rule 60(b) of the Mass. Rules of Civil Procedure.

The facts present a very novel question as to the status of an individual for whose benefit an order is entered as a condition of probation. Does the entry of a support order in a complaint commenced under G.L. c 273 sec. 12 or sec. 15 create the relationship of debtor and creditor between the plaintiff and defendant? Is the order of the court directing the father - defendant to pay a designated sum periodically for the support of his illegitimate child a money judgment such as is rendered in a civil action, or is it more in the nature of a penalty rendered in a criminal case?

Unlike the usual restitution order entered as a condition of probation, the beneficiary of support order for an illegitimate child does not have an independent action by statute or at common law for support. There must be an adjudication of paternity under sec. 12, or as part of a sec. 15 proceeding, before the obligation of support attaches. Once paternity has been established probation becomes the vehicle for a support order. **Commonwealth vs. Chapman,** 2 Mass. App. 878 (1974).

Enforcement of the obligation of support as well as actions for expenses of pregnancy and of confinement of the mother following an adjudication of paternity are within the exclusive jurisdiction of the District and Superior Courts. **Davis vs. Misiano,** 373 Mass 261 (1977). Unless or until an individual has been convicted of neglect or refusal to support his illegitimate child, there is no power to order support payments pursuant to G.L. 273, sec. 5 as a condition of probation. **Commonwealth vs. Chase** 1981 Mass. App. Adv. Sh 1035.

Where the action is quasi-criminal in form, but the purpose of the proceeding does not contemplate punishment, it is by nature civil, or remedial. With the passage of St. 1913, c.563, the statutes of the Commonwealth began to express in a criminal context a father's responsibility for fathering an illegitimate child. These statutes, later codified as G.L. c 273 secs. 11-19, made the begetting of an illegitimate child a misdemeanor under sec. 11 (since repealed) and made the non-support of such a child a distinct and continuing offense and a misdemeanor under sec. 15. **Commonwealth vs. Lobo** 385 Mass. 436 (1982).

Independent of G.L. c 273 or 273A there is no authority for such a cause of action as here presented. Since the court was without wuthority to entertain this action, the judgment was void and a nullity.

The court, by virtue of finding number seven, appears to have treated the motion for relief from judgment as a Rule 60(b) (1) motion which requires that it be filed not more than one year after the judgment and that it be based on inadvertence, mistake or excusable

neglect. The motion should have been viewed and approached as a request under Rule 60(b) (4) for relief from a void judgment.

A void judgment is one which the court lacked any power or authority to award. Once it is established that a judgment is void no question of discretion exists and the court must vacate it. The time limitations prescribed for other sections of Rule 60(b) do not apply to motions under Rule 60(b) (4). **Smith and Zobel** 8 MPS 481, $60.11; **Blackstone Valley National Bank vs. Kurzon** 1977 Mass. App. Div. 1027, 1030.

The denial of the motion to remove default and vacate judgment was error. The default is removed, judgment vacated and the matter dismissed for want of subject matter jurisdiction.

**Robert A. Welsh, Jr.**
**Milton R. Silva**

This is to certify that this is the opinion of the Appellate Division in this cause.
**Patricia D. Minotti, Clerk**

### DECISION AND ORDER

This cause came on to and was heard in the Appellate Division for the Southern District sitting at Orleans upon Report from the District Court Department, Wareham Division and it is found and decided that there was prejudicial error.

It is hereby ORDERED: That the Clerk of the District Court Department, Wareham Division make the following entry in said case on the docket of said Court, namely: DEFAULT IS REMOVED, JUDGMENT VACATED AND THE MATTER DISMISSED FOR WANT OF SUBJECT MATTER JURISDICTION.

**Robert A. Welsh, Jr., Justice**
**Milton R. Silva, Justice**
Opinion filed herewith.
**Patricia D. Minotti, Clerk**