CHASE LANGMAID *vs.* ALVIN D. PUFFER.

A writ against Charles Langmaid, actually served upon Chase Langmaid, may be amended after the default of the defendant, and without notice to Chase, by substituting Chase for Charles, and judgment be given thereon against Chase.

WRIT OF ERROR to reverse a judgment of the police court of Roxbury in an action of contract for work and labor.

The errors assigned were that the writ in that action was sued out against " Charles Langmaid of West Roxbury in said county, gentleman," and was served, (as appeared by the officer's return thereon,) by attaching " a chip as the property of the within named defendant," and giving " him a summons in his hand for his appearance at court "; that at the return day Charles Langmaid did not appear, and was defaulted; and a week afterwards, without any continuance having been entered, and on motion of Puffer, and without notice to or knowledge of Chase Langmaid, the default was taken off, and the case brought forward, and Puffer permitted to amend his writ by altering the first name of the defendant from " Charles" to " Chase"; and Chase, not

appearing or being present, or having any notice or knowledge thereof, was defaulted, and judgment rendered against him.

Pending the writ of error, and before the trial, the sheriff who served the original writ, upon his motion, supported by affidavit that the writ was in truth and in fact served upon Chase Langmaid of West Roxbury, by delivering him a summons in hand, was permitted by the police court to amend his return, by striking out the word " defendant," and inserting instead thereof " Chase Langmaid."

At the trial in this court, the sheriff testified that he went to the house of the plaintiff in error in the evening, after dark, and called for Mr. Langmaid, and gave the plaintiff in error the summons, (which the witness presumed was to Charles Langmaid,) and two or three days afterwards met the plaintiff in error, who gave him back the summons, saying his name was not Charles Langmaid, and the summons was not intended for him; and the witness further testified, the plaintiff objecting, " I told him, ' You are the party meant, and had better attend to it; if you don't, they will get judgment against you.' "

The witnesses of the plaintiff in error testified that they had heard of a person by the name of Charles Langmaid in Dedham, but had never seen or known such a person.

*Thomas*, J. was of opinion that the judgment of the police court should be affirmed, but reported the case to the full court.

*J. J. Clarke*, for the plaintiff in error.

*J. M. Keith*, for the defendant in error.

DEWEY, J. If there was a judgment rendered against the plaintiff in error without any legal service of the writ upon him, or any appearance by him curing that defect, we have no doubt that he may properly reverse such judgment by a writ of error.

The question here is therefore that of the sufficiency of the writ in the form in which it was issued, and with the service actually made thereon, to require the plaintiff in error to appear and answer thereto, in abatement, or in bar, if he would prevent the rendering of a judgment thereon against him. The writ and summons, upon their face, purported to be against Charles Langmaid. The service, as appears by the amended return of the

officer, which was properly allowed, was made by a nominal attachment of property, a chip, as the property of Chase Langmaid, and giving him a summons in hand for his appearance at court. The service was therefore in fact made upon Chase Langmaid, the plaintiff in error; and the only doubt in the case is, whether any legal service could be made upon Chase Langmaid upon a writ and summons bearing the name of Charles Langmaid only.

If we apply to the present case the principle which seems to have been adopted in the cases cited by the counsel for the plaintiff in error— *Greenslade* v. *Rotheroe*, 2 New Rep. 132, *Doo* v. *Butcher*, 3 T. R. 611, and *Dring* v. *Dickenson*, 11 East, 225— which arose upon motions to set aside judgments or to discharge bail, and in which it was held, that, as the defendant had not been served with process by his right name, he could not be deemed in law to have been served at all, then this writ of error might be sustained.

But if, on the other hand, we conform to what seems to have been the doctrine of the English court in the later case of *Smith* v. *Patten*, 6 Taunt. 115, in which *Greenslade* v. *Rotheroe* was cited and apparently disregarded, we should hold this to be a mere case of misnomer, and that the party, having neglected to plead such misnomer in abatement, could not afterwards move to set aside the judgment. It is there said by the court, "it would be of the worst consequence, if defendants should be permitted, instead of pleading in abatement, to lie by and increase expenses, and then move to set aside the proceedings."

The views of this court seem to have been very strongly indicated in the case of *Fitzgerald* v. *Salentine*, 10· Met. 436. The proceedings were there held invalid, but it was directly put upon the ground that there was no personal service. The summons was not in fact served upon the party against whom judgment was afterwards rendered, but left at a boarding-house, for whom it might concern.

In the more recent case of *Trull* v. *Howland*, 10 Cush. 111, we have directly met this question, and decided that a mistake in the Christian name of the party against whom the writ was

really intended to be made, the writ having been personally served by giving the summons into the hands of the real party, was only a misnomer, to be taken advantage of by a plea in abatement; and if, with the knowledge that he was the party intended to be charged, he neglected to appear in the suit, he would be bound by a judgment thereon.

The variance in that case was that of substituting George A. Trull for Jonathan A. Trull, which was a more marked variance in the Christian name than is found in the present case. It is true that the facts there found admitted that the demand upon which the judgment was rendered was the debt of Jonathan A. Trull, and in the present case no such admission is made; but we do not think the decision in that former case turned upon that point. We are of opinion that this case was one of misnomer merely, and the objection should have been taken by a plea in abatement, and furnishes no ground for maintaining a writ of error.

If this were not so, then every omission of the middle name of a defendant, where he has a double Christian name, would be a fatal one, and any judgment rendered upon a service of such writ would be invalid, and the subject of avoidance by writ of error, if amended to correspond with the true name ; for we hold that the Christian name is not truly given, if the middle name is omitted. *Commonwealth* v. *Hall*, 3 Pick. 262.

In the view we have taken of the present case, the original writ was duly served on Chase Langmaid, by the officer delivering the summons to him personally, as such party. As to the subsequent proceedings before the police court, bringing forward the action, taking off the default, &c., they seem to be well authorized by the opinion of this court in the case of *Sawtell, petitioner*, 6 Pick. 110. The *St.* of 1855, *c.* 153, § 5, makes similar provisions as to this police court, to those which existed in that case, and the judgment here, as there, not having been entered upon the first default, and the case having been properly brought forward, the amendment was rightfully allowed. Rev. Sts. *c.* 100, §§ 21, 22. *St.* 1839, *c.* 151 § 1.

In the recent case of *Crafts* v. *Sikes*, 4 Gray, 194, this court,

upon proof made that there was a clerical mistake in filling the writ, and that the real name of the party who instituted the suit was Justus Starks, allowed an amendment, substituting Starks for Crafts. It ·is true there was an appearance in that case, but the want of that makes no difference, if the party voluntarily neglects to appear upon legal notice so to do.

The result is therefore that no cause is shown for sustaining this writ of error. *Judgment affirmed.*