ROBERTA K. KIRBY *vs.* WILLIAM KIRBY.

Essex. November 7, 1958. — January 7, 1959.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Uniform Reciprocal Enforcement of Support Act. Practice, Civil,* Special appearance, Proceeding under uniform reciprocal enforcement of support act. *Jurisdiction,* Raising question of jurisdiction, Support of minor child. *Pleading, Civil,* Petition. *Evidence,* Deposition. *Parent and Child.*

In a proceeding under the uniform reciprocal enforcement of support act, G. L. c. 273A, in a District Court in Massachusetts following its initiation in another State, service in hand of a copy of an order of notice upon the respondent at his legal residence in a municipality within the jurisdiction of that court complied with the provision of § 9 that the District Court should "take appropriate steps to obtain jurisdiction of the respondent by personal service." [265]

In a proceeding under the uniform reciprocal enforcement of support act, G. L. c. 273A, in a District Court in Massachusetts following its initiation in another State, it was error to enter an order for support against the respondent where he had only appeared specially by counsel to raise jurisdictional questions, no answer had been filed to, and there had been no hearing on, the merits, and the respondent had not been defaulted. [266]

Jurisdictional questions in a proceeding in a District Court under the uniform reciprocal enforcement of support act, G. L. c. 273A, were open in this court on appeal from a decision of the Appellate Division even though such questions were not raised before the Appellate Division. [266]

A District Court in Massachusetts could not go forward with a proceeding under the uniform reciprocal enforcement of support act, G. L. c. 273A,

seeking an order for the support of the petitioner and of her and the respondent's children following initiation of the proceeding in New York by a verified petition showing the petitioner's residence there but not showing the residence of the children, until further proceedings had been held in New York to determine the residence of the children, even though they were of tender age.  [266–267]

A proceeding under the uniform reciprocal enforcement of support act, G. L. c. 273A, initiated in another State and entered in a District Court in Massachusetts within the jurisdiction of which the respondent resided, was properly entered in that District Court notwithstanding the fact that the necessary papers from the initiating State were first sent to another District Court in Massachusetts and then were forwarded to the District Court in which the case was entered.  [267–268]

There was no merit in a contention that a petition for support, filed in a court of New York as the initiating State under the New York uniform support of dependents law, was not verified in compliance with G. L. c. 273A, § 7, in that it did not show that the oath had been taken by a person qualified to administer oaths in New York and that it lacked the seal of the administering officer, where the oath was taken before the clerk of the New York court and he was empowered to administer oaths by the law of New York.  [268]

Section 8 of the uniform reciprocal enforcement of support act, G. L. c. 273A, merely contemplates an ex parte determination by a court of the initiating State that the allegations of the petition warrant further proceedings and that the respondent or his property may be within the jurisdiction of the responding State.  [269]

A certificate by a judge of a court of another State in which a proceeding under the uniform reciprcoal enforcement of support act was initiated, on a form conforming to the law of the initiating State, that upon examination of the petitioner under oath she "reaffirmed" the allegations in the petition, that according to her testimony the dependents of the respondent named in the petition were in need of certain support from him, that he should be compelled to answer the petition and be dealt with according to law, and that he was believed to be residing at a specified place in Massachusetts, complied with G. L. c. 273A, § 8.  [269]

A certified copy of a paper entitled "Testimony of . . . petitioner," on a printed form prefaced "Under New York Uniform Support Law" and bearing the name of that State and the county and court in which the paper was filed in a proceeding initiated there under that law, was not a deposition and was not evidence upon which to base an order for support in a District Court in Massachusetts as the responding State.  [270]

Under G. L. c. 273, § 8, as amended by St. 1953, c. 505, the legal duty of a parent to support a minor child is not terminated by a court decree merely granting custody of such child to another.  [270]

PROCEEDING under the uniform reciprocal enforcement of support act, commenced on January 11, 1957, in the First

District Court of Essex following its initiation in the Children's Court, County of Schenectady, New York.

The case was heard by *Espovich*, J.

*Edwin W. Hadley*, for the respondent.

No argument nor brief for the petitioner.

WILKINS, C.J.  In this petition under the uniform reciprocal enforcement of support act, G. L. c. 273A (first enacted in St. 1954, c. 556, § 1), in which New York is the initiating State and Massachusetts is the responding State, the prayer is for an order of support of the petitioner and two minor children of the parties.  Sometime after November 15, 1956, certified copies of papers entitled (1) "Petition for Support — Family" previously filed in the Children's Court, County of Schenectady, State of New York, (2) "Testimony of Roberta K. Kirby petitioner," and (3) "Certificate" of the judge were sent by that court to "Clerk of the District Court, County of Essex, Lawrence, Mass." Upon receipt the clerk of the District Court of Lawrence sent the papers to Salem to the clerk of the First District Court of Essex.  On January 11, 1957, the clerk of the latter court entered the petition as a civil proceeding, and caused to be issued an order of notice, returnable February 9, 1957, a copy of which was served in hand upon the respondent at his legal residence in Danvers within the jurisdiction of that court.  This was compliance with c. 273A, § 9, in so far as the District Court was required to "take appropriate steps to obtain jurisdiction of the respondent by personal service." See *Taplin* v. *Atwater*, 297 Mass. 302, 304, 306; G. L. c. 223, § 16.

On February 11, 1957, the respondent through his attorneys filed in the First District Court of Essex a special appearance, a motion to quash process, and a motion to dismiss.  The contents of these motions do not appear in the report of the District Court judge, and were not before the Appellate Division.  On April 8, 1957, the District Court judge, after hearing counsel for the respondent and after examining the petition and the testimony of the petitioner, denied both motions, and made an order that the respondent

pay $20 a week for the support and maintenance of two children named in the petition.

The respondent has never appeared in person before the District Court, nor has the petitioner so appeared either in person or through counsel. No witness has testified in person, but the District Court judge treated the paper entitled "Testimony" as "in the nature of a deposition." Counsel for the respondent was requested in letters of the clerk to have the respondent in court on February 27, March 13, and April 8, 1957, but upon counsel's advice the respondent did not appear.

The questions reported were the correctness of the order and of the denial of the two motions. The Appellate Division dismissed the report, and the respondent appealed.

1. There was error in the entry of the order in the District Court. It was made against one who had appeared specially to raise jurisdictional questions. He had not been defaulted. No answer had been filed to the merits, and there had been no hearing on the merits.

2. As to the motion to quash process and the motion to dismiss, the Appellate Division held in substance that not enough appeared in the record before it to raise any question as to the grounds of their denial by the District Court judge. Certified copies of the motions have been presented to us by counsel for the respondent, who argues certain questions, which he contends relate to jurisdiction. Jurisdictional questions are open here at any stage of the proceedings. *Jones* v. *Jones*, 297 Mass. 198, 202. *Maltzman* v. *Hertz*, 336 Mass. 704, 705.

The respondent in his brief does not enumerate all the grounds of his motions. Accordingly, we shall not do so. For reasons that will appear, the motions could not have been allowed even if they were treated as properly raising every question argued in the respondent's brief. Since there must be further proceedings in the court below, we shall deal with those questions which may arise.

3. One matter which the respondent seems to contend affects the jurisdiction of the Children's Court and that of the

District Court relates to the absence of any statement in the petition as to the residence of the children.

The petition alleges that the petitioner was married to the respondent on September 12, 1953, in Schenectady, New York; that she resides at "38 Kelton Ave."; that she is the mother and the respondent is the father of Edward Joseph Kirby, born on April 30, 1955, and of Peter Charles Kirby, born on October 19, 1956; that the petitioner and the children are in need of and entitled to support from the respondent under the New York uniform support of dependents law; that the respondent on or about May, 1956, refused support; and that the respondent lives or is domiciled at 31½ Bradstreet Avenue, Danvers. Although the children are of tender age, we cannot assume that they are living with the petitioner. Even if we were to look at the testimony accompanying the petition, we would not be aided in this respect. We make no intimation that to do so would be permissible. See *Ivey* v. *Ayers*, 301 S. W. 2d 790, 793 (Mo.).

Further proceedings must be held in New York to determine the essential facts. A similar result was reached in the only case raising this point which has come to our attention. *Wohlfarth* v. *Wohlfarth*, 1 App. Div. (N. Y.) 2d 658, *S. C.* 1 App. Div. (N. Y.) 2d 804. The Children's Court had jurisdiction of the petitioner, irrespective of the children. *Rivera* v. *Rivera*, 5 Misc. (N. Y.) 2d 362 (Children's Court, Westchester County). But where an order is sought in part for the support of the children, more than the fact of her residence must appear. The failure of the verified petition to show the residence or domicil of the children appears not to be a compliance with the New York uniform support of dependents law, §§ 2 (e), 6 (a). It would not be in compliance with our statute if Massachusetts were the initiating State. G. L. c. 273A, § 7.

4. The respondent complains that the petition was never properly in court here, because the Children's Court sent the certified copies to the wrong court. This point is devoid of merit. The papers were then forwarded to the "district court within whose jurisdiction the obligee is an inhabi-

tant or a resident." G. L. c. 273A, § 6. This action was a compliance with that part of § 8 of the act which requires that the court of the initiating State "shall cause certified copies of the petition and the certificate to be transmitted to the court of the responding state."

5. The petition, the testimony of the petitioner, and the certificate are on printed forms prefaced "Under New York Uniform Support Law." Each bears the name of the State, county, and court. The copy of the petition has been carelessly prepared and contains obvious misspellings of the petitioner's name in two of the five places where it appears. One of her two signatures is given as "Robert K. Kirby," and in the oath she is described as "Roberta K. Kriby." The typographical errors the respondent grasps as opportunities to indulge in some frivolous arguments into the further discussion of which we refuse to be beguiled. The purpose of the uniform reciprocal enforcement of support act is to obtain support for dependents, and not to provide a procedural field day for defaulting husbands and fathers.

6. The respondent attacks the verification of the petition, arguing that it does not show that the oath was taken by any person authorized to administer oaths in New York, and that it lacks the seal of an administering officer. No authority is cited. The oath was not taken by a notary public. See G. L. c. 233, § 73. The oath in the Children's Court was administered by the clerk, as is the practice in this Commonwealth. By § 7 of the New York Children's Court act, "In each county the judge of the children's court, the acting judge of the children's court, the chief clerk and deputy clerks of the children's court shall have the power to administer oaths and take acknowledgments." The petition, testimony, and certificate before us are certified copies of records of the Children's Court, and attached are the certificate of the clerk of that court as to their custody and accuracy and the reciprocal certifications of the judge and the clerk to the office and signature of the other. The verification is a compliance with c. 273A, § 7.

7. The respondent contends that the New York certifi-

cate is defective in that there is no compliance with c. 273A, § 8, which reads, "If the court [in the initiating state] finds that the petition sets forth facts from which it may be determined [1] that the respondent owes a duty of support, and [2] that a court of a responding state may obtain jurisdiction of the respondent or his property, it shall so certify . . . ." The position taken by the respondent is that the judge of the Children's Court was required to make "findings" on the matters numbered [1] and [2], and to show them in his certificate, and that he has not done so.

The contention has no merit. The statute does not contemplate the making of findings as in a jury waived case. Section 8 prescribes a procedure in the nature of finding probable cause, namely an ex parte determination by the court of the initiating State that the allegations of the petition warrant further proceedings, and that the respondent or his property may be within the jurisdiction of the responding State. The "findings" are not evidence as to the respondent's liability. *Phillips* v. *Phillips*, 336 Mass. 561, 563–564. *Ivey* v. *Ayers*, 301 S. W. 2d 790, 796 (Mo.).

The certificate was a compliance with § 8. To hold otherwise would hardly be an observance of c. 273A, § 17, which provides that the act "shall be so construed and interpreted as to accomplish its general purpose to make substantially uniform the laws of states enacting like law." The judge of the Children's Court used a form similar to the one used in this Commonwealth. He certified that the respondent was believed to be residing or domiciled at 31½ Bradstreet Avenue, Danvers, Massachusetts; that the judge "has examined the petitioner under oath and she has reaffirmed the allegations contained in the petition; that according to the testimony of the petitioner the needs of the dependents named in the petition for support from the respondent are the sum of $40 per (week)"; and that in the opinion of the judge the respondent should be compelled to answer the petition and be dealt with according to law. The form is in conformance with the New York uniform support of dependents law, § 6 (c).

8. The case cannot be heard without evidence. The paper entitled "Testimony" is not a deposition. The petitioner could take her own or other depositions, could testify in person, and could summon the respondent or other witnesses.

The case should not proceed until the New York record is made to show the residence of the children. At the same time, the typographical errors can be corrected.

The respondent cites certain cases for the proposition that a father who is deprived of· the custody of his child by order of court has no common law duty of support. *Creeley* v. *Creeley*, 258 Mass. 460, 463. *Barry* v. *Sparks*, 306 Mass. 80, 82–83. *Hathaway* v. *Rickard*, 323 Mass. 501, 502–503. While there is nothing to show that the respondent has been deprived of such custody, it should be noted that the rule now is otherwise under G. L. c. 273, § 8, as amended by St. 1953, c. 505, which provides, "The legal duty of the parent or parents to support a minor child shall continue . . . notwithstanding any court decree granting custody of such child to another." *Keene* v. *Toth*, 335 Mass. 591, 594–595.

9. The order dismissing the report is reversed. Further proceedings in the First District Court of Essex are to be in conformity with this opinion.

*So ordered.*