*Western Division*

## PARKWAY IMPORTS, INC.

### v.

## MILTON H. ASKINOS

Argued: July 6, 1967    Decided: July 6, 1967

*Present:* Garvey, P.J., Moore, & Allen, J.J.

Case tried to *Sloan, J.*, in the District Court of Springfield #190454

*Garvey, P.J.* This is a petition to establish a report. After a trial in a contract action there was a finding for the defendant. The judge's order dismissing the plaintiff's draft report reads: "Report dismissed. No question of law presented—no requests for rulings filed".

The judge was correct. Generally, to be entitled to a report as a matter of right a party must be aggrieved by a "ruling on a matter of law". G.L. c. 231, § 108. Rule 27 of the Rules of the District Courts (1965).

"A 'request for a report is comparable to the taking of an exception in other courts.

As to exceptions, it is true that the question whether a general finding or decision upon disputed facts was warranted by the evidence must be raised by an exception to the denial of a requested ruling that such a finding would not be warranted, and cannot be raised merely by an exception to that general finding or decision taken after it was made. A similar rule applies to reports from District Courts." *Barton* v. *Cambridge,* 318 Mass. 420, 423-424. "The reason is that exceptions or claims of report lie only to questions of law, and where there is a general finding, without more, fact and law are interwoven to such an extent that no question of

law is presented." *Muir Brothers Co. v. Sawyer Construction Co.* 328 Mass. 413, 415."

■ *Gallagher* v. *Atkins,* 305 Mass. 261, decided that a challenge to an order of dismissal of a draft report must be by a claim of report—not by a petition to establish. See also last paragraph of *Rule 28 of the Rules of the District Courts (1965).*

■ Further, the petition does not allege that the draft report conforms to the truth. The affidavit supporting the petition reads: "Then personally appeared Gerson Askinas and made oath that the above petition is true to the best of his knowledge and belief". This is not sufficient. The petition must "contain an unequivocal allegation, supported by an unequivocal affidavit, that it conforms to the truth". *Cook* v. *Kozlowski,* 351 Mass. 708. *Lasell* v. *Director of the Div. of Employment Security,* 325 Mass. 23, 25-26. *Rule 30 of the Rules of the District Courts (1965).*

**The petition is to be dismissed.**

GERSON ASHINAS
of Springfield for petitioner.

KAMBERG & BERMAN
of Springfield for respondent.