*Southern District*

## IRENE KESTEN

### v.

## THEODORE FROTHINGHAM

Argued: June 19, 1968. Decided: Aug. 21, 1968

*Present:* Nash, C.J., Cox & Murphy, JJ.

Case tried before *Halloran, Sp. J.* in the First District Court Of Barnstable No. R-450

*Cox, J.* This proceeding is under the Uniform Reciprocal Enforcement of Support Act for the support of two minor children. G.L. c. 273A. It was initiated in the Family Court, City and State of New York.

The parties were divorced in 1955 by a decree of divorce in the Barnstable Probate Court.

They are the parents of the two children, Bruce Frothingham, age 17, and Jean Frothingham, age 16.

The decree of divorce awarded custody of Bruce to the father and custody of Jean to the mother. The decree of the Barnstable Probate Court, in effect at the commencement of this proceeding, ordered the respondent Frothingham to pay the petitioner $30.00 a week for the *support of Jean.*

In June of 1967 Bruce went to his mother's home for a period of visitation provided for by the decree of the Probate Court. At the conclusion of the visitation period, his mother failed to return Bruce to his father's care and custody. The petitioner has refused the respondent's demands that Bruce be returned to him. He had not returned at the time of the trial on January 10, 1968 nor when the case was argued before us on June 19, 1968.

Since the refusal of the petitioner to return Bruce to him at the end of the visitation period in July, 1967, the respondent has refused to comply with the order of the Probate Court to pay the petitioner the weekly payments of $30.00 for Jean's support.

At the trial of this case in the District Court the respondent at the close of the evidence, and before final arguments, presented a motion to dismiss and a request for rulings of law. The court denied the motion to dismiss *as to Jean and allowed it as to Bruce.* Some of the re-

quested rulings were denied as to Jean. It is enough to say of them that they raise the issue presented for our determination.

The court denied the request for support of Bruce and ordered the respondent to pay $30.00 a week for the support of Jean, the order to be retroactive to August 1, 1967. There was a finding as follows:

"I find as a fact that Irene Kesten has violated the terms of the decree of the Barnstable Probate Court in assuming custody of Bruce Frothingham."

The respondent claiming to be aggrieved by the denial of his motion to dismiss, by the denial of requests for rulings as to Jean, and by the order to pay $30.00 a week for Jean's support commencing August 1, 1967, the court reported the case for our determination.

The brief in the respondent's behalf states:

"The only issue raised at the hearing, and by respondent's motion to dismiss and requests for rulings, was whether or not petitioner's violation of the decree of Barnstable Probate Court, which had awarded custody of the parties' minor son, Bruce Frothingham, to the respondent, barred petitioner from the relief requested."

We treat only with that issue.

█ The respondent's motion to dismiss, which the court denied *as to Jean,* raises the jurisdictional contention that the Probate Court

has exclusive jurisdiction of the parties and of the subject matter involved in this proceeding. The requested rulings which the court denied involve the same contention, concluding that the petitioner's refusal to return Bruce to his father's custody precludes recovery of support for Jean. The court was right in rejecting the respondent's contention against the jurisdiction in this proceeding and in ordering support payments *for Jean*.

General Laws, c. 273A, §6 as most recently amended by St. 1965, c. 17, § 1 provides, so far as material, that:

> "The court (District Court) shall enforce all duties of support under this chapter notwithstanding that another court in the Commonwealth or in any other state has made a support order and has continuing jurisdiction."

§6 makes it clear that notwithstanding the Barnstable Probate Court has made a support order and has continuing jurisdiction, its jurisdiction is not exclusive and that the District Court is expressly also granted jurisdiction to enforce all duties of support. §2 provides that:

> "The remedies provided in this chapter (273A) are in addition to and not in substitution for any other remedy."

On authority of the foregoing we proceed to consider the respondent's duty of support in this proceeding.

■ "Duty of support" is defined in § 1 as: ". . .any duty of support imposed by law, or by any court order, decree or judgment, whether interlocutory or final, whether incident to a proceeding for divorce, legal separation, separate support, or otherwise."

Previously it was the law that "a father who is deprived of the custody of his child by order of court has no common law duty of support. *Creely* v. *Creely*, 258 Mass. 460, 463. *Barry* v. *Sparks*, 306 Mass. 80, 82-83. *Hathaway* v. *Richard*, 323 Mass. 501, 502-503. —The rule now is otherwise under G.L. c. 273, § 8, as amended by St. 1953, c. 505, which provides, 'The legal duty of the parent or parents to support a minor child shall continue—notwithstanding any court decree granting custody of such child to another'. *Keene* v. *Toth*, 335 Mass. 591, 594-595." *Kirby* v. *Kirby*, 338 Mass. 263, 270.

Custody of Jean was awarded to the mother, the petitioner, and the father, respondent, was ordered to pay $30.00 weekly for the support of Jean. The respondent's duty to support Jean continued nothwithstanding her custody had been awarded to the mother petitioner by the decree of the Probate Court. G.L. c. 273, § 8. *Kirby* v. *Kirby*, 338 Mass. 263, 270. § 8 changed the common law rule and continued the duty of the parent to support a child even though custody was awarded to another.

"The purpose of this part of § 8 was to close a hole in the Uniform Reciprocal Enforcement of Support Act (c. 273A) and to this end was recommended by the Judicial Council. See 27th report for 1951, pages 20-21; 28th report for 1952, page 39. *Keene* v. *Toth,* 335 Mass. 591, 595."

Although criminal in form, (Chapter 273), it is sometimes regarded and used as a method of enforcing a support duty. M——————— v. W.————, 352 Mass. 704. An amendment to G.L. c. 273, § 8 by St. 1960. c. 791, eliminated the proviso which had previously limited the amount to be paid by a parent for a child's support to the amount stipulated in a decree. This indicates a legislative intent not to bind or limit support proceedings in the District Courts because of related proceedings in the Probate Courts.

The duty of support owed by the respondent for Jean is a legal duty unaffected by the fact that her custody was awarded to her mother. Its enforcement in this proceeding in this court is authorized by G.L. c. 273A, § 6, as amended, nothwithstanding the Probate Court has made a support order and has continuing jurisdiction. "The purpose of the uniform act (c. 273A) is to provide an effective procedure to compel performance by one under a duty to support dependents in another state, and the District Court judge had power to make a

valid order prospective in operation based upon the respondent's duty to support his children (child) in Maine (New York)." *Phillips* v. *Phillips,* 336 Mass. 561, 562-563. *Keene* v. *Toth,* 335 Mass. 591, 593-595. See also M ———— v. W ————————, 352 Mass. 704. Therein it is said "This court, in these cases has recognized the requirement of c. 273A, § 17, that the act 'shall be so construed and interpreted as to accomplish its general purpose' (see *Kirby* v. *Kirby,* 338 Mass. 263, 269) and has avoided restrictive application of its provisions. The civil remedies afforded by this statute are not to be construed narrowly and every 'endeavor should be made — to render this statute operable'.

"Because (s. 2) the remedies in c. 273A 'are in addition — to any other remedy' — the special civil remedy (given to District Courts in Massachusetts) under c. 273A is not in terms dependent upon compliance with the requirements of any other procedures provided by other statutes (in the responding state) for enforcement of the same support obligation. Chapter 273A provides its own procedures." M ———————— v. W ————————, 352 Mass. 704.

 We conclude and hold that the respondent's duty to support his minor daughter Jean in New York is not affected by the fact that her mother has violated the decree of the Barnstable Probate Court by refusing to respect the

respondent's right to the custody of Bruce. Two wrongs don't make a right. The respondent't duty is to support Jean and not her mother. The mother's dereliction should not be imposed upon, nor imputed to, the child, even though the mother be the one who receives the support money and comes into court with unclean hands. "The purpose of the uniform reciprocal enforcement of support act is to obtain support for dependents and not to provide a procedural field day for defaulting husbands and fathers." *Kirby* v. *Kirby,* 338 Mass. 263, 268. As was said in M——— v. W———, 352 Mass. 704, "We construe c. 273A (even if it is largely procedural and even though it creates no new substantive rights or duties) as providing a new and additional civil remedy (§ 2, fn. 3) for the enforcement of all relevant preexisting substantive right."

The order for the support of Jean in New York based upon the respondent's duty of support was warranted and there was no prejudicial error in denying the respondent's motion to dismiss or its requested rulings so far as they applied to Jean. **The report should be dismissed.**

No Counsel for Petitioner.

LAURENCE M. JOHNSON,
of Boston for the Respondent.