Tiffany, J.
This is a petition to establish a report from the disallowance of a draft report by the trial justice.
The petition comes before this Division from a denial of an award of compensation to a victim of a violent crime under G.L.c. 258A, §§ 1-8.
A review of the court docket indicates that a hearing was held on May 22, 1980 and petitioner’s requests for rulings of law were denied and a “Judgment for Dismissal for the respondent (A.G..)” was entered on May 27, 1980. The docket is silent as to the filing of the draft report, but a hearing on the draft report was held on July 3, 1980.
Massachusetts Rules of Civil Procedure, Rule 64(c)(5) sets forth that “if the trial justice disallows the request for report, he shall set forth in writing succinctly the facts and reasons for such disallowance.” In this case, no facts or reasons were set forth by the trial justice.
Petitioner sets forth that the trial justice decided against the plaintiff at the trial on the evidence presented. The trial justice was free to believe or disbelieve the testimony before him, Moroni v. Browders, 317 Mass. 48(1944). The directed verdict for the respondent effectively sets forth that the petitioner did not present that quantum of evidence to get over the threshold or to satisfy his eligibility for compensation under G.L.c. 258A.
*80 It is quite obvious from marginal notation on the request for rulings which sets forth “On all of the credible evidence, as a matter of fact, I do not so find’ ’ that the trial justice did not choose to believe the petitioner. With respect to request #3 — “The evidence warrants a finding that the plaintiffs conduct did not contribute to the infliction of his injuty,” the court finds as a matter of fact that plaintiffs conduct did contribute to his injury.
As to any exclusion of evidence, the petitioner has not complied with Massachusetts Rules of Civil Procedure, Rule 64(G) which would in effect be grounds for dismissal of the report, not disallowance.
Notwithstanding the failure of the trial justice to file written and succinct reasons for the disallowance of the draft report, his finding that the petitioner did not sustain his burden of proof by a fair preponderance of the evidence must stand if it can be supported by any reasonable view of the evidence considered with all the rational inferences to which it is susceptible, Barttro v. Watertown, 309 Mass. 223(1941).
However, the crux of the matter before this Division relates to procedural aspects of the draft report. An action taken by the trial justice concerning a report will be treated by an Appellate Division according to its true nature rather than the title or name which he gave to it. Thus his action, which in fact is a ‘ ‘dismissal’ ’ of the report, will be so treated although he erroneously called it a ‘ ‘disallowance’ ’ of the report. Sacca v. Freedman, 31 Mass. App. Dec. 150.
A dismissal concerns the alleged failure of the appellant to take some procedural step or claim defect in the form of the report and can be reviewed only by a “request for report.” The dismissal is in fact a ruling of law, while the “disallowance” is a question of fact, mainly that the draft report does not conform to the truth either on its basic recital of the proceedings at the trial or in its failure to fully manifest all that is necessary to enable the Appellate Division to make a proper review. Parkway Imports, Inc. v. Askinus, 37 Mass. App. Dec. 200.
The report is a report of the trial justice and not that of either party. The report as submitted is procedurally defective as it does not comply with Form 33 as it is not a report of the trial justice for determination by the Appellate Division.
No error having been found in the denial of the draft report, the “disallowance” being treated as a denial, the request for a report is denied.

So ordered.