Black, P.J.
This is an action brought on October 12, 1984 by Marymount College of Virginia, as plaintiff, against the defendant, Joanne McGee Voccollo, a/k/a Joanne P. Voccola, a/k/a Joanna P. Voccola on a judgment of the Arlington General District Court, Aldington County, Commonwealth of Virginia, entered November 10,1983, against Joanne McGee Voccolo, in the amount of $5,750.00, plus interest, costs and 20% attorney fees. The Massachusetts summons was served upon the defendant on October 26, 1984. A default judgment was requested pursuant to Dist./Mun. Cts. R. Civ P., Rule 55 (a), on November 20, 1984 and the default was entered that date. A request for a default judgment pursuant to Dist./Mun. Cts. R. Civ. P., Rule 55 (b) was entered on December 5, 1984 and on December 27, 1984 an application for an assessment of damages was filed. Notice of these proceedings was given to the defendant. Following an assessment of damages hearing, judgment was entered on February 19,1985 for the plaintiff with interest and costs.
*29 A Motion to Amend All Pleadings, Judgment and Execution Thereon was filed by the plaintiff on August 15,1985. In that motion, the plaintiff sought to have all of the pleadings, the judgment and the execution amended in accordance with Dist. Mun. Cts. R. Civ. P., Rules 60 and 61, by naming the defendant as Joanne McGee Voccollo, aka Joanna P. Voccola.Notice thereof was given to the defendant, and the motion was allowed on August 23, 1985 subject to the filing of an affidavit verifying the facts stated in the motion to amend. On February 10, 1986, a renewed motion to amend was filed together with supporting affidavits. The motion sought to have the defendant named as Joanne McGee Voccollo, a/ k, a Joanne P. Voccola, aka Joanna P. Voccola. The motion was allowed on March 12, 1986 and an amended judgment was filed, the original execution returned and a new execution issued.
It should be noted that the record indicates that the defendant first appeared through counsel on February 28, 1986, at which time defense counsel filed a memorandum in response to a procedural order of the court. Following entry of the amended judgment on March 12, 1986, the defendant filed a Motion to Vacate the Amended Judgment under Dist./Mun. Cts. R. Civ. P., Rule 59 (e). This motion was filed on March 24,1986, and it was denied July 21,1986. On July 31,1986, the defendant filed a request for a draft report. A hearing on the draft report was held August 7, 1986, and the trial judge “disallowed” the report on August 28, 1986. The defendant’s Petition to Establish the Report was filed on September 9,1986. A Motion to Dismiss the Defendant’s Petition to Establish the Report was filed in a timely manner, but shortly before the date of the hearing before the Appellate Division.
The Petition to Establish the Report is dismissed. Historically, it appears to have been the law of England that a judgment would be binding upon a defendant in a suit where there was a mere misnomer of the defendant if he failed to file a plea in abatement having knowledge that he was the party intended to be charged. This rule was adopted in the Commonwealth of Massachusetts in the case of Langmaid v. Puffer, 73 Mass. 378 (1856). There the defendant has been identified as “Charles Langmaid” when in fact, his name was “Chase Langmaid”. The court ruled that the judgment entered against the defendant was binding since it was clear that the case involved a mere misnomer of the defendant, as to which he failed to object. The court noted that
... it would be of the worst consequence, if defendants should be permitted, instead of pleading in abatement, to lie by and increase expenses, and then move to set aside the proceedings.
Id. at 380. The Puffer case still appears to represent the law of the Commonwealth and we cannot perceive of any reason why its reasoning is not still valid, notwithstanding the modernization of the pleading process. Parenthetically, we would note that the law of the Commonwealth of Virginia seems to be in accord with the law of Massachusetts in that under the law of Virginia the parties upon whom service of process is made must be identified with reasonable certainty, but absolute accuracy is not required. Robertson v. Stone, 199 Va. 41, 44 (1957). Therefore, a slight error in the spelling of the defendant’s name is not fatal to a default judgment where the description of the defendant is not misleading. (Amer. Ry. Ex. Co. v. Royster Co., 141 Va. 602 (1925), aff'd, 273 U.S. 274 (1927) ), and the judgment is not void. See Note, Defects In Process or Service In Virginia, Void or Voidable?, 44 Va. L.R. 654, 661 (1958). Of course a default judgment can always be attacked for lack of service, but a mere misnomer of the defendant is an insufficient basis to vacate the judgment. This seems to accord with the rule followed in most jurisdictions.
*30 At no time has the defendant alleged that she has been misled by the misspelling of her name in this action, or that she is not the person who was a student at Marymount College of Virginia and who there received a student loan, which remains unpaid, or that she did not receive actual service of process as to either the Virginia or the Massachusetts actions. Rather, she, in effect, seeks to vacate judgment because her last name in the Hingham action was misspelled by including two l’s rather than one.
We would also point out that with respect to question of what full faith and credit is due on another state’s judgment largely depends upon the law of the state in which the judgment was entered. R. LEFLAR, AMERICAN CONFLICTS LAW 148 (1977). As already pointed out, the law of Virginia clearly bars a party from raising a misnomer issue where judgment is entered by default. Nonetheless, a default judgment is still subject to collateral attack on the issue of jurisdiction. Thompson v. Whitman, 85 U.S. 457 (1874); Portland Maine Pub. Co. v. Eastern Tractors Co., Inc., 289 Mass. 13 (1935). Jurisdiction depends upon the law of the state rendering the judgment, subject of course, to constitutional limitations.
Under the laws of Virginia, “[a] court may exercise personaljurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person’s: 1. Transacting any business in this Commonwealth . . . ,”Va. Code section 8.01-328.1. “Person”, as used in the above statute, includes an individual. Va. Code section 8.01-328; see R. LEFLAR, AMERICAN CONFLICTS LAW 68. Thus, the defendant is a “person”. In addition, the Commonwealth of Virginia’s jurisdiction was based on defendant’s “acts”. Unidyne Corp. v. Aerolineas Argentinas, 590 F. Supp. 391 (D.Va. 1984) (jurisdiction may be based on single act). The defendant attended Marymount College of Virginia, residing in Virginia between the fall of 1974 and the spring of 1977. While she was there, she obtained a National Direct Student Loan from her school, including six separate advances on the loan over a period of three years. Clearly, the defendant “acted” in the Commonwealth of Virginia in the sense that the cause of action arose from her transacting business in the Commonwealth of Virginia, where she apparently breached her loan agreement with Marymount College of Virginia. Certainly, all of the elements of the Virginia long-arm statute were satisfied.
In this connection, the due process clause limits a court’s exercise of long-arm jurisdiction over a non-resident. Pennoyer v. Neff, 95 U.S. 714 (1877). However, a state court may exercise personaljurisdiction over a non-resident defendant so long as there exists “minimal contacts” between the defendant and forum state such that traditional notions of fair play and substantial justice are not offended. Shaffer v. Heitner, 443 U.S. 186 (1977); Hanson v. Denckla, 357 U.S. 235 (1958); International Shoe Co. v. Washington, 326 U.S. 310 (1945). Based on the facts presented in this case, the defendant not only had “minimium contacts” with the Commonwealth of Virginia, but a substantial connection with it. See McGee v. International Life Ins. Co., 355 U.S. 220 (1957). The defendant purposefully availed herself of the benefits and protections of the Commonwealth of Virginia. See Kulko v. Superior Court of California, 436 U.S. 84 (1978). Surely the quality and nature of the defendant’s activity in connection with the Commonwealth of Virginia made it reasonable to anticipate being hailed into court there should she violate the student loan contract by failing to make repayment in accordance with its terms. The Commonwealth of Virginia’s exercise of personaljurisdiction over *31 the defendant passes constitutional muster. See World-Wide Volkswagon Corp. v. Woodson, et al., 444 U.S. 286 (1980).
Turning our attention back to the procedural aspects of the case, inasmuch as it is clear that neither the Virginia nor the Massachusetts judgments are void, but voidable, at best, we must next consider the effect of the defendant’s failure to file any form of answer to the Massachusetts action, failure to oppose the entry of the default judgment or appear at the hearing for the assessment of damages. According to the docket entries, timely notice of all of these proceedings was sent to the defendant at her Hingham address. So too, the defendant failed to appear on August 23, 1985, in response to the plaintiffs first Motion to Amend the Pleadings, Judgment and Execution. The motion was allowed upon the condition that the plaintiff furnish an affidavit evincing the fact that the added names were those of the defendant. Apparently, it took the plaintiff some time to secure the necessary information. The affidavit, accompanied by a Renewed Motion to Amend was filed February 10,1986. On February 28, 1986, the defendant apparently made her first appearance, through counsel, by counsel’s filing a memorandum in response to a procedural order of the court. The judge allowed the plaintiffs Renewed Motion to Amend on March 12,1986.Noattemptwasmadeto request a report based upon the judge’s allowance of the plaintiffs renewed motion. Instead the defendant filed a Motion to Vacate the Amended Judgment pursuant to Dist./Mun. Cts. R. Civ. P., Rule 59(e), on March 24, 1986. Parenthetically, it should be noted that the motion was filed within ten (10) days of the allowance of the plaintiffs Renewed Motion to Amend, since March 22nd and 23rd fall on a weekend. See Dist./Mun. Cts. R. Civ. P., Rule 6(a). This rule requires that the Motion to Amend be filed within ten days of the entry of “judgment”. It should be emphasized that no reference is made to an “amended judgment”. Since the defendant had never sought appellate review of the original default judgment, we conclude that there is no right of appellate review of the allowance of a motion to amend the default judgment, by means of Rule 59(e) motion. See Pilgrim Pools, Inc. v. Perry, 1979 Mass. App. Div. 455. If the relief sought does not fit under Rule 59(e), the motion is to be considered to fall under Rule 60(b). See Reporter’s Notes - Mass. R. Civ. Proc., Rule 59 (1973). The significance of the motion under Dist./Mun. Cts. R. Civ. P., Rule 59(e) is that it stops the appeal’s clock, whereas a Dist./Mun. Cts. R. Civ. P., Rule 60(b) motion does not toll the appeal time.
The defendant’s Motion to Vacate the Amended Judgment was denied on July 21,1986, and on July 31,1986, the defendant requested a draft report and filed the draft report on the same date. A hearing thereon was conducted on August 7, 1986, and the draft report was “disallowed” on August 28, 1986. Since the judge’s action was based upon the timeliness of the filing of the draft report, it was, in fact, a “dismissal” rather than a “disallowance”. A “dismissal” involves the failure of the appellant to take some procedural step or defect in the form of the report and can be reviewed only by a “request for a report”. The “dismissal” is a ruling of law, while a “disallowance” is a question of fact, mainly that the draft report does not conform to the truth either on its basic recital of the proceedings at the trial or in its failure to fully set forth all that is necessary to enable the Appellate Division to make a proper review. Arciero v. Eagle Realty Associates, Inc., 1982 Mass. App. Div. 203, 204; DeSimone v. Commonwealth of Massachusetts, 1981 Mass. App. Div. 79,80; Parkway Imports, Inc. v. Askinos, 37 Mass. App. Dec. 200 (1967). An action taken by the trial justice concerning a report will be treated by the Appellate Division according to its *32 true nature rather than the title or name which he gave to it. Thus the action of the trial judge which in fact was a “dismissal” of the report will be so treated although he erroneously called it a “disallowance”. Sacca v. Freedman, 31 Mass. App. Dec. 150 (1965). Consequently, a petition to establish a report is not available to the appellant as a mechanism to secure appellate review in this case.
In light of our conclusion that the appellant’s appeal is not timely, and that there is no merit in the defendant’s challenge of either the Virginia or the Massachusetts default judgments as being void for lack of jurisdiction, the appeal is dismissed.