Black, P.J.
This appeal involves a case which was remanded by the Supreme Judicial Court to the District Court for determination inter alia whether a valid marriage existed between the plaintiff Margaret Bushnell and the defendant Daniel Bushnell. A three day trial was conducted in March and April of 1986, following which the trial judge made various written findings of fact. An order was entered directing the defendant to pay the plaintiff $100 per week commencing the first Friday after entry of judgment and a like sum each succeedingFriday thereafter .The defendant filed a notice of appeal and a motion to stay the judgment. The motions were allowed on September 26, 1986. A draft report was signed by the trial judge on February 18,1987, which included a finding of fact in addition to those made by this trial judge at the time of trial, to wit, that the plaintiff had an investment portfolio with a value *182 of $296,000.00 as of February 1986.
On February 25,1987, the defendant filed a “Stipulation of Dismissal”. He subsequently filed a Motion For Relief from Judgment seeking to eliminate his obligation with respect to the payment of $100.00 per week to the plaintiff. That motion was heard and denied on March 5,1987. The defendant claims prejudice in this denial of his motion on the grounds that there was no evidence introduced during the trial of the case that could indicate a need on the part of the plaintiff for $100 per week and that there was no financial statement in evidence to indicate that $100 per week was a “fair amount” for the defendant to pay the plaintiff. There was also evidence introduced at the hearing on the motion for relief from judgment tending to show that the parties had commenced a divorce action in Barnstable Probate and Family Court. The defendant claims to be aggrieved by the denial of his motion for relief from judgment.
The appellant asserts that his motion for Relief from Judgment was brought pursuant to Dist./Mun. Ct. R. Civ. P., Rule 60(b) (6) and that the trial judge abused his discretion in denying the motion. In essence, the appellant contends that the trial judge committed error by making findings of fact which are not supported by the evidence introduced at trial and that if thejudgment and order are allowed to stand a gross injustice would be done to his client.
Rule 60(b) (6) has been called the “grand reservoir of equitable power to do justice in a particular case.” Radack v. Norwegian American Line Agency, Inc., 318 F.2d 538, 542 (2d Cir. 1963); Parrell v. Keenan, 389 Mass. 809 (1983). It is extremely limited, though, in scope. A Rule 60(b) (6) motion is not a substitute for an appeal. Pilgrim Pools, Inc. v. Perry, 1979 Mass. App. Div. 455; J. SMITH & H. ZOBEL, RULES OF PRACTICE, 8 MASSACHUSETTS PRACTICE §60.15 (1977 & Supp. 1987). Ordinarily, an issue which could have been timely raised, but was not, is deemed waived, regardless of the merits of the case. See Marymount College of Virginia v. Voccollo, 1987 Mass. App. Div. 28; Pilgrim Pools, Inc. v. Perry, 1979 Mass. App. Div. 455; J. SMITH & H. ZOBEL, RULES PRACTICE, 8 MASSACHUSETTS PRACTICE §60.15; C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL§ 2864(1973 &Supp. 1986). A Rule 60(b)(6) motion is to be used only in exceptional circumstances where there is a compelling injustice. Charles Choate Memorial Hospital v. Commissioner of Public Welfare, 13 Mass. App. Ct. 1080 (1982); J. SMITH & H. ZOBEL, RULES PRACTICE, 8 MASSACHUSETTS PRACTICE §60.15 (1977 & Supp. 1987); C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL §2857 (1973 & Supp. 1986).
Therefore, an appellate court reviewing a denial of a Rule 60(b) (6) motion should reverse a trial judge’s ruling only upon a showing of a clear abuse of discretion. In this particular case, the appellant took an appeal from these various findings made by the trial judge. A hearing was held on a draft report and the report was settled and signed by the judge. Thereafter, this appellant voluntarily filed a stipulation of dismissal, thereby waiving any appellate rights as to the matters contained in the report. He cannot now resurrect his right of appeal as to those matters by a Rule 60(b) (6) motion, in the absence of some exceptional circumstance. The thrust of the appellant’s Rule 60(b) (6) motion seems to be that there was insufficient evidence to support the trial judge’s finding and order. Ordinarily, the Appellant Division lacks jurisdiction to review any issue concerning the sufficiency of the evidence on an appeal of the trial court’s denial of a Rule 60(b) (6) motion (Bushnell v. Bushnell,) 393 Mass. 462, 475 (1984); Elliott v. Warwick Stones, Inc., 329 Mass. 406, 409 (1952) ). More importantly, in this case, the appellant waived any right to a review of the *183 sufficiency of the evidence by dismissing his earlier appeal.
In regards to the trial judge’s findings and order, perhaps it would be appropriate to point out that under Mass. G.L.c. 273A (URESA), the courts of the Commonwealth of Massachusetts may enforce a spousal duty of support. A “duty of support” means “any duty of support imposed by law, or by any order, decree or judgment, whether interlocutory or final, whether incident to a proceeding for divorce, legal separation, separate support, or otherwise.” Mass. G.L. C.273A, § 1. This URESA remedy is in addition to any other remedy a spouse may have. Mass. G.L. c.273A, § 2; Keston v. Frothingham, 40 Mass. App. Dec. 111 (1968). Once a court finds a duty of support, it may order the obligor to furnish “support or reimbursement therefore in a reasonable amount....” Mass. G.L. C.273A, §10. In setting the level of “support-or reimbursement therefore,” the courts of this commonwealth must take into account, as a factor, the resources and needs of both spouses. See Mass. G.L. c.209, §32 (separate support); Mass. G. L. c.208, §34 (alimony); Reciprocal Standards, STANDARDS OF JUDICIAL PRACTICE standard 4:08. ‘The amount of the order should be established after careful consideration of the requirements of the complaining party, the financial assets, liabilities’ and earnings of the defendant, and the recommended payment amounts from previous proceedings.” Non-Support Standards, STANDARDS OF JUDICIAL PRACTICE standard 2:17 (cited by Reciprocal Standard 4:08, commentary).
The trial judge’s order appears to be totally consistent with the applicable law.
Therefore the trial judge’s denial of the appellant’s Rule 60(b) (6) motion was correct and clearly no abuse of discretion is involved. The report is dismissed.