Hurley, J.
The plaintiff sued to recover a deficiency resulting from a foreclosure sale of the defendant’s property. After trial, the court found for the defendant. The plaintiff claimed a report. The trial judge, after hearing, disallowed the draft report. The plaintiff filed a petition to establish a report pursuant to Dist./Mun. Cts. R. Civ. P., Rule 64(e).
Within a commendably short time after trial, the trial judge made his finding and rulings. Judgment entered on November 19,1992 and plaintiff timely filed a draft report. On December 18,1992 the trial judge filed a “Supplemental Amendment And Clarification Of Finding of Fact, Rulings of Law and Judgment.’’The plaintiff filed an Opposition to that supplement on the same day.[1] At the same time the hearing on the draft report was continued to January 19, 1993. The plaintiff filed a second draft report on January 19, 1993. A further hearing was held on January 26, 1993. A certificate of disallowance of the draft report was filed on February 8,1993.
A disallowance of a draft report is a statement of fact by the trial judge that the draft report does not conform to the truth in its recital of the trial court proceedings or evidence, or that it does not present enough to enable the Appellate Division to perform its review function. Arciero v. Eagle Realty Associates, Inc., 1982 Mass. App. Div. 203, 204; Desimone v. Commonwealth of Massachusetts, 1981 Mass. App. Div. 79, 80; Parkway Imports Inc. v. Askinos, 37 Mass. App. Dec. 200 (1967). In his disallowance, the judge finds that the draftreportdoesnotrecite that evidence was presented to the court concerning the cause of no bidder appearing at the sale. At oral argument the plaintiff agreed that there was such evidence. The remaining statements by the court in paragraph one of the certificate interpret pleadings and argument. In paragraph two the court determines that there is no recitation of the advertising error by the auctioneer. The plaintiff does recite in the second draft report that there was evidence at trial tending to show that “ [T] he ads published by Ronne incorrectly described the sale premises as containing 12,000 square feet as opposed to 1200 square feet.” In his certificate of disallowance, the trial judge determined that certain statements in the draft report are inaccurate and refers to the pleadings (the answer) to support that determination. Other statements interpret issues raised by the draft report.
In the draft report, the plaintiff referred extensively to the judge’s findings and supplement. In addition, appended to the draft report are the complaint, answer and counterclaims, Plaintiffs requests for rulings, judgment, Findings of Fact, Rulings of Law and Judgment, Supplemental Amendment and Clarification of Findings of Fact, Rulings of Law and Judgment, and Opposition to Supplemental Amendment *182 and Clarification of Findings of Fact, Rulings of Law and Judgment. The draft report together with all the attachments are an adequate presentation to enable the Appellate Division to review the claims of error raised by the plaintiff. See Security National Bank v. Recreational Dimensions, Inc., and others, 1990 Mass. App. Div. 85.
The defendant maintains that the plaintiffs claims of error escape review because the plaintiff made no requestfor rulings on issues which formed the basis of the trial judge’s decision. The trial judge’s extensive written findings and explicit rulings permitthe appellate division to review a claim of error based upon the judge’s rulings of law, even though no particular request was made. See MacKenzie v. Auto Supermart, Inc., 1986 Mass. App. Div. 165. Lynn v. Nashawaty, 12 Mass. App. Ct. 310, 315 (1981).
We determine that, on the whole, the draft report submitted by the plaintiff with the attachments sufficiently comports with the substance and spirit of Dist./Mun. Cts. R. Civ. P., Rule 64. The petition to establish is allowed. The case is remanded to the trial court for the submission of copies[2] of the report and briefs. Dist./Mun. Cts. R. Civ. P., Rule 64(f).

 At the end of the supplement the following appears:
“12/18/92
Agreed to by both counsel in Open Court.
/s/ Judge”

 Paragraph 15 on page 3 of the Draft Report is established to read “[T]here was direct evidence presented that indicated that the error contained in the Ronne advertisement was the cause of no bidder being present at the auction.”