Welsh, J.
This is a petition to establish defendant’s draft report.
The complaint alleges the plaintiff, while lawfully on the premises of the defendant, sustained personal injuries as a result of defendant’s negligence in failing to clean up and remove a broken jar of mustard on the floor of defendant’s supermarket.
The defendant’s answer denies negligence, denies that any of its agents or employees caused the broken bottle of mustard to be on the floor, and denies it knew or should have known of the foreign substance on the floor before the plaintiff’s fall.
The court found for the plaintiff in the sum of $6,275, plus interest and costs.
The defendant filed requests for rulings and claims to be aggrieved by the denial of the same. The petition recites that the draft report was timely filed and was disallowed by the trial judge.
While arguably formally deficient in several respects, see Stevens v. United Artist Corp., 373 Mass. 857 (1977), we determine that on the whole the draft report and accompanying documents afford an adequate basis for the. review of the questions of law presented. Falmouth National Bank v. Blackmon, 1993 Mass. App. Div. 181, 182.
Paragraph 9 of the defendant’s draft report is established to read, as follows: “9. Neither the plaintiff nor Mr. Eskeland had knowledge as to how long the broken jar of mustard was on the floor. Neither the plaintiff nor Mr. Eskeland heard a crash or sound of breaking glass before the plaintiff’s fall.”
The plaintiff filed a draft report which was signed by the judge. This report has no standing since the plaintiff is neither a party aggrieved nor was the plaintiff’s draft report agreed to by the defendant. See Swanson v. Bankers Life, 1982 Mass. App. Div. 143, 145.
It is ordered that the petitioner prepare the report as established and file the same with the requisite number of copies with the trial court within ten (10) days of the date of this order, and that the parties serve and file briefs in the manner prescribed by Rule 64(f).